å

## GUILFORD *vs.* HICKS.

[PETITION FOR HABEAS CORPUS ON BEHALF OF PERSON HELD AS SLAVE.]

1. *When appeal lies.*—An appeal does not lie to the supreme court, from the decision of a probate judge on a petition for *habeas corpus.* Code, §§ 3016, 3710–47.
2. *Presumption in favor of ruling of primary court.*—In a case which was tried before a probate judge without the intervention of a jury, the appellate court will presume, unless the contrary is affirmatively shown, that his decision was justified by the evidence.
3. *When right to freedom may be tried on habeas corpus.*—Although a negro, or person of color, if held as a slave, cannot test his right to freedom by petition for *habeas corpus;* yet, when a white person is held as a slave, a petition for *habeas corpus* may be sued out in his behalf.

APPEAL from the Probate Court of Henry.

IN this case, Mrs. Cassy Ann Hicks filed her petition in the office of the probate judge of said county, on the 9th August, 1859, alleging that her daughter, Patience L. Hicks, and her grand-daughter, Cassy Ann S. Hicks, the daughter of said Patience L. Hicks, (both being infants under the age of twenty-one years,) were illegally restrained of their liberty, and held as slaves, by John Guilford; and praying that the writ of *habeas corpus* might issue, to inquire into the cause of such illegal detention. Notice of this application having been served on Guilford, he appeared, and filed an answer, alleging that he held said Patience L. and her child as slaves under a purchase from one James C. Wilson. To this answer the petitioner filed "an answer", denying that the said Patience L. and her child were slaves. To this "answer" Guilford demurred, "because the same is not a denial of the facts set forth in his answer to the writ." The probate judge overruled the demurrer, and Guilford excepted to his decision. Guilford also moved to dismiss the whole proceeding, because the petition showed that he held and

claimed said Patience L. and her child as slaves, and reserved an exception to the overruling of his motion.

On the trial before the probate judge, as appears from the bill of exceptions, the petitioner adduced evidence showing that said Patience L. Hicks was her child, was a free white person, and was decoyed from her house, under promises of marriage, by said James C. Wilson; while the respondent offered testimony tending to show that said Patience was a person of color and a slave, and had belonged to one Jones, in Florida, from whom she was purchased by Wilson. "Upon the testimony, it was ordered by the court, that Patience L. Hicks and Cassy Ann S. Hicks be discharged from the service of the said John Guilford, and restored to the petitioner, and that John Guilford pay the costs; to which the said John Guilford excepted."

The rulings of the probate judge to which, as above stated, exceptions were reserved, are now assigned as error.

WATTS, JUDGE & JACKSON, for appellant.

MARTIN, BALDWIN & SAYRE, contra.

STONE, J.—The trial of this case was had before Geo. W. Williams, judge of probate for Henry county, and not before the probate court of that county.—Code, §§ 3710, et seq.; Ex parte Bennett, 30 Ala. 461. Hence, the judgment of that tribunal can not be brought before this court for review, by appeal.—Code, § 3016.

[2.] Conceding, however, that the case is before us on a proper motion, let us inquire whether the applicant is entitled to any relief. The petition avers, that Patience L. Hicks and her child are free white persons. The bill of exceptions, sealed on the trial, sets out certain evidence as given in, but does not affirm that it contains all the evidence. The judge of probate, after hearing the evidence, decided, in terms most emphatic, that Patience L. Hicks and her infant child, Cassy Ann, are free white persons. Under a well settled rule, we are unable to affirm that he decided incorrectly, in the absence of in-

formation that the record contains all the evidence on which he pronounced his decision. On the contrary, we are bound to indulge the presumption, that his decision was justified by the evidence.—Shep. Dig. 572, § 145; Stewart v. Hargrove, 23 Ala. 420; Donnell v. Jones, 17 *ib.* 689; Glass v. Glass, 24 *ib.* 468; Price v. Gillespie, 28 *ib.* 279; Shep. Dig. 567, § 78; School Comm. v. Godwin, 30 *ib.* 242.

[3.] The parties who were restrained of their liberty being white persons, they could not, under our law, be slaves. Nor could any question arise as to another's right of property in them, for the obvious reason, that no person can have property in a white person. In Field v. Walker, (17 Ala. 80,) it was correctly asserted, that persons of color could not try their right to freedom on *habeas corpus.* But that principle has no application to this case. Nor does section 2049 of the Code make any provision for such a case as this. That section, by erroneously employing the word *slave*, evidently means *negro*, or *person of color.* These parties, if white persons, could not possibly bring themselves within the provisions of that section.

Appeal dismissed.