Ex parte Cleveland.

---

# Ex Parte CLEVELAND.

[APPLICATION FOR HABEAS CORPUS BY PARTY ARRESTED UNDER CA. SA.[

1. *Practice in application for habeas corpus.*—When a party who is in custody has sued out a *habeas corpus* before a circuit judge, who refuses to discharge him, he may then make application to the supreme court, to revise the action of the circuit judge; but the facts on which the action of the circuit court was based must be brought to the notice of the supreme court.

2. *Writ of ca. sa.*—A writ of *ca. sa.* is not confined in its operation to the county of the defendant's residence; nor is it necessary that the clerk endorse on it that the sheriff hold the defendant to bail in double the sum sworn to be due.

APPLICATION for *habeas corpus* by C. H. Cleveland, who was arrested by the sheriff of Mobile, on the 21st May, 1860, under a *capias ad satisfaciendum* issued by the clerk of the circuit court of Russell; and who thereupon sued out a *habeas corpus* before Hon. C. W. RAPIER, who refused to discharge him. In the petitioner's application to this court it is alleged, that he was a resident citizen of Mobile county at the time of his arrest; but the transcript, which is annexed to the petition, does not show, by bill of exceptions or otherwise, that that fact was proved on the application before Judge Rapier.

CHAMBERLAIN & HALL, for the petitioner.
BEN LANE POSEY, *contra.*

STONE, J.—The petitioner in this case went before Hon. C. W. Rapier, on writ of *habeas corpus*, sued out by petitioner to obtain his discharge from arrest under a *capias ad satisfaciendum*. Judge Rapier refused to discharge him, and remanded him to the custody of the sheriff. Mr. Cleveland now presents his petition to this court, and asks us to revise the action of Judge Rapier. See *Ex parte* Burnett, 30 Ala. 461.

The facts which were made to appear before Judge Rapier, are not brought to our notice; and hence we are not able to say on what facts he based his decision. This, of itself, is enough to require us to withhold the writ. We cannot say that he erred, unless we know upon what facts he pronounced judgment. If the argument be sound, that a defendant cannot be arrested on *ca. sa.* issued from a county other than that of his residence; still, we do not know that it was made to appear to Judge Rapier that Mr. Cleveland did not reside in Russell county.

We do not think, however, that a writ of *capias ad satisfaciendum* is confined in its operation, like a bail writ, to the county of the defendant's residence. The statute does not restrict it,—and we have no authority to interpolate such provision. Nor can it be necessary that the clerk shall endorse on the *ca. sa.* "that the sheriff hold the defendant to bail, in double the sum sworn to be due." The writ of *ca. sa.* shows both the amount due, and the order to arrest the defendant.—Code, §§ 2175, 2422, and form.

The writ of *habeas corpus* is refused.