Cox v. Jones.                    )

W. C. OATES, for appellant.

| 40 | 297 |
| 95 | 479 |

## COX *vs.* JONES.

[APPLICATION FOR REVOCATION OF APPRENTICESHIP.]

1. *When appeal lies.*—An appeal does not lie from an order of the probate court, dismissing and refusing an application for the revocation of letters of apprenticeship granted by itself under section 1215 of the Code.

APPEAL from the Probate Court of Russell.

IN the matter of the application of Nathan Cox, a freedman, for the revocation of letters (or indentures) of apprenticeship granted by said court to Francis G. Jones over the

petitioner's minor children. The petition was filed on the 8th March, 1866, and alleged that the letters of apprenticeship, under which the defendant held and claimed the right to the possession of the children, were granted without notice to the petitioner, were procured by fraud and misrepresentation on the part of the defendant, and were illegal and invalid in several specified particulars. On the hearing of the petition, the court allowed an amendment of the letters (or order) of apprenticeship, *nunc pro tunc*, by adding the signature of the probate judge, and then dismissed the petitioner's application. The petitioner reserved exceptions to each of these rulings of the court, and he here assigns them as error. A motion to dismiss the appeal was submitted on the part of the appellee.

The petition for the grant of letters of apprenticeship, which was filed on the 27th December, 1865, and the decree founded thereon, are in the following words :

"To the Hon. James F. Waddell, judge of probate for Russell county, in the State of Alabama : Your petitioner, Francis G. Jones, begs leave to state unto your honor, that he is a resident citizen of Russell county, in the State of Alabama, and engaged in the occupation of farming in said county. Your petitioner further states, that he has on his farm, where he now resides, the following negroes who are minors, to-wit," (naming them.) "Nathan and Jenney are the parents of said children, and have been notified of this application. Your petitioner further states, that all of said negro minors are young, and inexperienced, and have no means on which to support themselves, and that their parents are unable to provide a support for them, and cannot support themselves without the assistance of some white person of experience, and unless they are bound out as apprentices will become an expense to the public community, or the county. Your petitioner therefore prays your honor to bind said minors to him as apprentices, and your petitioner will ever pray."

"The State of Alabama, ⎱ In Probate Court, Decem-
      Russell county. ⎰ ber 27th, 1865.

"This may certify, that F. G. Jones having this day made application to have bound to him the following negro

Cox v. Jones.

minors, to-wit," (naming them,) "and the parents of the first seven named having been duly notified, and appearing in court having failed to prove their ability to support and provide for said minors; and the parents of the last five having been notified, and refusing to defend, it is ordered by the court, that said minors be bound to said Jones; the boys until they are twenty-one years of age, and the girls until they are sixteen years of age; and that the bond of said Jones for the performance of this contract, filed as required by this court, be made a matter of record in this office. Given under my hand, this 27th day of December, 1865."

G. D. & G. W. HOOPER, for appellant.
LEWIS & PHILLIPS, contra.

BYRD, J.—Appellee makes a motion to dismiss the appeal, and on the authority of the cases of *Guilford v. Hicks*, (36 Ala. 96,) *Curmand v. Wall*, (1 Bailey, 209,) and *Cooper v. Saunders*, (1 Hen. & Mun. Va. 412,) the motion must prevail. The act of 1857–58 does not apply to a case like this. Sections 670 and 673 of the Code confer jurisdiction generally on the probate court to *bind out apprentices;* and sections 1215 and 1218 confer on the *probate judge* the power "to bind out as apprentices," persons of a particular description; and the whole chapter in which these sections are found is one making "provision for the poor," and no appeal is given in such cases; neither on the action of the court under section 1215, nor section 1218. Neither chapter 11, part 2, title 4, nor chapter 1, part 3, title 4, of the Code, gives an appeal in such a case.

The cases of *Ex parte Croom & May*, (19 Ala.,) *Ex parte Burnett*, (30 Ala.) and *Cooper v. Saunders, (supra,)* indicate the procedure by which such a case may be revised. The application in this case was made to the probate judge under section 1215 of the Code. An order must be made dismissing the appeal.