# Matthews *v.* Hobbs.

### *Habeas Corpus to try Right to Custody of Child.*

1. *When appeal lies.* — An appeal does not lie from an order of the probate court on the hearing of a writ of *habeas corpus* to try the right to the custody of a child.

2. *Custody of bastard child.* — The putative father of a bastard child, whose mother is dead, has no right to its custody ; nor is *habeas corpus* the proper remedy to test the right to its custody ; the chancery court is the proper forum to settle the controversy.

[Matthews v. Hobbs.]

APPEAL from the probate court of Limestone county, in the matter of a petition for the writ of *habeas corpus*, sued out by John Hobbs, against Patience Matthews, to test their respective rights to the custody of a bastard child, whose mother was dead, and who was in the possession and custody of the said Patience Matthews, his maternal grandmother, but was claimed by the said John Hobbs as his putative father. The petition for the writ was presented to the probate judge, in vacation; the writ was issued by him, and was duly executed and returned; and on the hearing the following judgment was rendered: —

"Probate court, Limestone county, Alabama, August term, 1873. Claiborne Hobbs, ward; petition for *habeas corpus*. This being the day set to hear all questions as to the petition of John Hobbs for a writ of *habeas corpus*, directed to Patience Matthews, for the body of Claiborne Hobbs, ward, comes the said Patience Matthews, and files her answer and demurrer to said petition; which said answer is, on motion of the plaintiff, struck out as to all facts except those shown by the record; and the court, after carefully hearing the argument, overrules and dismisses the demurrer, and orders and adjudges that the custody of said Claiborne Hobbs be given to the said John Hobbs, and that the said Patience Matthews pay the costs of this proceeding. August 31, 1873."

From this judgment, or order, the said Patience Matthews now appeals, and here assigns it as error, together with several rulings of the court on the hearing, to which she reserved exceptions, but which require no particular notice.

R. A. McCLELLAN, for appellant.

D. COLEMAN, *contra.*

PETERS, C. J. — [After stating the facts.] Under repeated decisions of this tribunal, no appeal lies to this court from such an order as that from which the appeal here was sued out. It is not a final judgment or decree, conclusively settling any question, save the right of the person alleged to be illegally imprisoned, or restrained of his liberty, to be discharged from the restraint and imprisonment complained of. *Guilford* v. *Hicks*, 36 Ala. 95; *Wilkinson* v. *Murphy*, 20 Ala. 104. Upon the hearing on the writ, upon the return thereof, the officer by whom it has been issued can only "inquire into the cause of such imprisonment or restraint," and discharge the person restrained, if the restraint is illegal, or remand him to the custody of the person imposing the restraint, if the restraint is not illegal. Beyond this, the officer awarding the

[Baugh v. Ryan.]

writ has no jurisdiction to proceed. Rev. Code, p. 785, *Habeas Corpus*, §§ 4260, 4275, 4279, 4281.

The right to the custody of a child who is a bastard, and whose mother is dead, cannot be contested in this way. The child is interested in such a contest, and is entitled to a jury to determine the facts of the case, and to appeal, if there is error in the proceedings; which is not provided for in a case made on a petition for *habeas corpus*. The order of the court, awarding the custody of the child to the petitioner, Hobbs, was a misapprehension of the law. The child should have been discharged from the restraint, if the evidence showed that the restraint was illegal; and if it was above seven years of age, and had no mother or guardian to receive it, and was of sufficient health and discretion, it should have been permitted to select its own custodian. The father of a bastard child, merely as such, has no right to its custody. Schouler's Dom. Rel. pp. 340, 383.

The application for the writ of *habeas corpus*, in favor of the person imprisoned, or under restraint, can be repeated as often as the restraint is found to be illegal; and the mere discharge from the illegal restraint is, under our statute, the sole object of the writ. When the illegal restraint is removed, no one has the right to complain, save the person discharged; and if the person discharged is dissatisfied with the order, he can return to the custody complained of, of his own accord. For this reason, doubtless, our statute has not provided for any appeal in such a case, or any trial of the facts by a jury, which is necessary when any right of person or property is invaded, and the right is contested in a court of law. Const. Ala. Art. I. § 13.

Such a controversy as this is best settled by a court of chancery. *Woodruff* v. *Conley*, at January term, 1874.

The judgment of the court below is reversed; and as the appeal cannot be sustained, it is dismissed, with costs. 17 Ala. 80, 84.