# Shows *v.* Pendry.

## Action on Informal Appeal Bond.

1. *Appeal from probate order or decree.*—Under statutory provisions (Code, § 3640), an appeal to this court lies from an order made by a judge of probate discharging a minor from custody as an apprentice on petition for *habeas corpus.* (*Matthews v. Hobbs*, 51 Ala. 210, overruled.)

2. *Informal appeal bond; consideration; damages recoverable.*—In a proceeding by *habeas corpus* to procure the discharge of a minor claimed by the petitioner as his apprentice, an order for the discharge of the minor being rendered, an appeal taken by the defendant from that order, and an informal appeal bond given, binding the obligors to pay "all the costs and damages that may accrue on and by reason

Vᴏʀ 93.

[Shows v. Pendry.]

of said appeal;" although the bond does not operate as a *supersedeas*, it is supported by a sufficient consideration, and is as good as a common-law bond; and in an action brought on it after the affirmance of the order on appeal, the obligee is entitled to recover as damages a reasonable attorney's fee for services rendered in procuring the affirmance, but not for the loss of the services of the minor pending the appeal, nor for a fee paid the sheriff to procure the surrender and delivery of the minor after its termination.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Thomas W. Shows against James P. Pendry and others, was founded on a bond executed by the defendants, and was commenced on the 19th August, 1889. The bond was dated October 26, 1888, and in these words: "Know all men by these presents, that we, James P. Pendry, and W. F. Bryan and W. C. Avant, as his sureties, are firmly held and bound unto Thomas W. Shows, jointly and severally, for all the costs and damages that may accrue to the said Thos. W. Shows on and by reason of an appeal this day taken by the said James P. Pendry from the judgment and decision of the Hon. B. A. Walker, judge of probate in and for said county, on a proceeding of *habeas corpus*, in which said Shows is petitioner, and said James P. Pendry is respondent, and for all damages that may be decreed by the Supreme Court for delay." A demurrer having been sustained to the original complaint, it was amended "by making the following allegations: Plaintiff avers that he was damaged in the sum of $125, attorney's fee incurred in defending said appeal in the Supreme Court; and the further sum of $65, the value of the services of his apprentice during the pendency of said cause in the Supreme Court, to-wit, eight months; and the further sum of $5.00, paid to the sheriff of Crenshaw county, for restoring said apprentice to plaintiff after said cause was affirmed in said court; and plaintiff avers that he was forced to incur said loss, and to sustain the aforesaid damages, by reason of said appeal taken as aforesaid." The court sustained a demurrer to the complaint as amended, and to each specification of the damages claimed; and the judgment on the demurrer is here assigned as error.

M. W. RUSHTON, for appellant, cited *Miller v. Vaughan*, 78 Ala. 323; *Dothard v. Sheid*, 69 Ala. 135; *Pendry v. Shows*, 87 Ala. 339; *Bolling v. Tate*, 65 Ala. 417; *Lewis v. Paul*, 42 Ala. 136; *Drake v. Webb*, 63 Ala. 596; 2 Sedg. Damages, 7th Ed., 608; 2 Greenl. Ev. § 254; 31 Mo. 117.

GAMBLE & BRICKEN, and J. C. RICHARDSON, *contra*, cited

[Shows v. Pendry.]

*Copeland v. Cunningham*, 63 Ala. 394; *Matthews v. Hobbs*, 51 Ala. 210; *Guilford v. Hicks*, 36 Ala. 95; *Watts v. Sheppard*, 2 Ala. 425; *Jenkins v. Lockhart*, 66 Ala. 381; Whart. Contracts, 493-4.

McCLELLAN, J.—Since the act of February 19, 1867, now embodied in section 3640 of the Code, appeals may be taken from any judgment, order or decree of the judge of probate, as well as from any judgment, order or decree of the Probate Court. Under sections 4761 *et seq.* of the Code, judges of probate have jurisdiction or power to hear and determine a petition for the writ of *habeas corpus* presented by or in behalf of a person restrained of his liberty, "in any other place than the county jail or penitentiary, and on any other than a criminal charge" (as well in many other cases), and make an order of enlargement thereon. From such order, we do not doubt that, under the statutory provision referred to, an appeal may be prosecuted to this count, though a contrary conclusion was reached in *Matthews v. Hobbs*, 51 Ala. 210, the act of 1867 not being referred to by the court, and, we suppose, was overlooked.

The bond given by the appellee in the case at bar, who was defendant in the court below, secured to him the right to have this court pass on the order of the judge of probate setting at liberty the minor, who was alleged in the petition to be unlawfully in his custody and restrained by him. This was a sufficient consideration for the bond, which, having been executed voluntarily, though lacking in the essentials of a statutory appeal bond, is a good-common law undertaking to pay the appellant, Shows, who sued on it below, the costs and damages which might accrue to him by reason of the appeal from the order of enlargement.

The complaint sets forth the affirmance of that order in this court; that the defendant has not paid plaintiff any costs or damages resulting to him from the prosecution of said appeal, and that the plaintiff was damaged thereby, and incurred loss and costs therein, *first*, in that he incurred a liability to pay one hundred and twenty-five dollars for the services of an attorney in securing a judgment of affirmance in this court; *second*, that he incurred a loss of sixty-five dollars in the deprivation of the services of the person enlarged, who was his apprentice, pending the appeal in this court; and *third*, that he had to pay the sheriff five dollars for delivering the apprentice into his custody after the judgment of affirmance. Other very general allegations of "loss, costs, trouble and expense," by reason of the appeal, are made, but they are too vague to merit consideration.

[Shows v. Pendry.]

Under the decisions of this court, a reasonable attorney's fee, for representing the appellee in this court and securing a judgment of affirmance of the probate judge's order, is recoverable on the averments of this complaint. That appeal being prosecuted against Shows, he would at least have been liable for the costs involved in it, had it resulted in a reversal; and hence, whatever his rights under the order of the probate judge—whether in reality he had any right thereunder—he did have an immediate interest in defending the appeal, and is entitled to the costs and expenses incurred or paid by him for professional services rendered for him here. The Circuit Court erred, therefore, in sustaining demurrers to the complaint, in so far as it counted on the defendant's liability for such counsel fees.—*Miller v. Vaughan*, 78 Ala. 323; *Cooper v. Hames*, at present term.

But this bond did not supersede the order made by the judge of probate, or suspend its operation. It is not alleged what this order was, nor do its terms appear from the bond further than that it was favorable to the petitioner, and against the right of Pendry to further restrain petitioner's apprentice. We assume that it followed the statute, and required the discharge of the person, in whose behalf the power of the court was invoked, from the illegal restraint. If it went beyond this, it exceeded the authority of the probate judge, and, to the extent of the excess, was void. It can not be said that, under and by virtue of the order we assume to have been made, and the only order within the competency of the court to make in this proceeding, Shows became entitled to the custody and services of his apprentice. So that even had the order been superseded by the appeal, it is not conceivable how Shows could have been damaged in the loss of the apprentice's services by reason of the appeal. And surely such a result could not ensue from the prosecution of an appeal, pending which the order appealed from was in full force and effect. If the person ordered to be set at liberty was the apprentice of Shows, it was his right to have recovered the custody and control of the apprentice under sections 1474 *et seq.* of the Code, notwithstanding the appeal, and, not having resorted to that remedy, it may be that he could recover the value of his services in an action against Pendry, irrespective of this bond. But, however all that may be, it is certain that he has not been deprived of such services by the appeal, and he can not recover therefor on this bond.

The same conclusion is inevitable with respect to the claim of five dollars for money paid the sheriff for delivering the apprentice to the plaintiff after the affirmance. Plaintiff had

[Franke & Muth v. Riggs & Mossman.]

no right to have the apprentice delivered to him on this proceeding, either before or after affirmance of the order. And were this otherwise, the necessity for the expenditure claimed in that connection did not result from the appeal, but wholly irrespective of it, and existed, if at all, as well before and pending the appeal as after it had been determined.

It is proper to remark here, that the affirmance of the order of the probate judge by this court was based solely on the failure of the record filed here to present any matter in such form as to be reviewed by this court, and not upon any consideration of the correctness of the order made.—*Pendry v. Shows*, 87 Ala. 339.

For the error in sustaining the demurrers, which proceeded on the theory that the counsel fees claimed in the complaint were not recoverable, the judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.