# State *v.* Berkstresser.

## *Habeas Corpus Proceedings.*

1. *Habeas corpus; when appeal does not lie on part of the State from a judgment admitting petitioner to bail.*—Where, after commitment to jail without bail on a preliminary hearing by a committing magistrate on an affidavit and warrant charging murder, the person charged with the murder is subsequently admitted to bail in a *habeas corpus* proceeding, an appeal does not lie on the part of the State from the judgment in the *habeas corpus* proceeding admitting the petitioner to bail; the statute authorizing appeals by the State (Code, § 4314), not applying to cases where the petitioner was committed to jail by the committing magistrate on affidavit and warrant charging him with murder.

APPEAL from the order of the Judge of Probate of Tallapoosa.

Heard before the Hon. J. J. HARLAN.

Ellis Berkstresser was arrested upon a warrant issued by N. D. Denson, judge of the Fifth Judicial Circuit, charging him with murder. Sitting as a magistrate, the said N. D. Denson remanded defendant to jail without

bond. Subsequently, upon petition therefor, J. J. Harlan, probate judge of Tallapoosa county, awarded a writ of *habeas corpus*, and upon the hearing thereof, admitted petitioner to bail in the sum of $2,000. From this judgment the State appeals, assigning as error the rendition of the judgment admitting petitioner to bail.

In this court there was a motion made to dismiss the appeal upon the ground that the appeal by the State was not authorized by law.

MASSEY WILSON, Attorney-General, for the State, cited Code, § 4314; *Burr v. Foster*, 132 Ala. 41.

THOS. L. BULGER, LACKEY & BOULDIN, and SORRELL & SORRELL, *contra*, cited Code, § 4314; *Murphy v. State*, 75 Ala. 409; *Wolsey v. Cade*, 54 Ala. 378; *Ryan v. Couch*, 66 Ala. 244; *Beale v. Posey*, 72 Ala. 323; *Scaife v. Storall*, 67 Ala. 237; *Cook v. Meyer Bros.*, 73 Ala. 580; 1 Kent, 464; Sedgwick on Stat. & Con. Law, 267.

DOWDELL, J.—The appeal in this case is taken from an order of the probate judge made on the hearing of a petition for a writ of *habeas corpus*, admitting the petitioner to bail. Motion is here made to dismiss the appeal upon the ground that an appeal does not lie in the name of the State under the facts in the present case. The right of appeal in such cases is regulated by the statute, and in the absence of the statute clearly no such right can be said to exist. The statute relating to appeals in *habeas corpus* cases (§ 4314 Crim. Code), reads as follows: "Any party aggrieved by the judgment on the trial of a *habeas corpus* may appeal to the Supreme Court; and when, on *habeas corpus*, any person held in custody under a charge or conviction for crime, or for extradition as a fugitive from justice of another State, is discharged from such custody; or when any person held in custody under an indictment by a grand jury charging him with a capital offense is admitted to bail, the solicitor or other prosecuting officer or attorney may take an appeal in behalf of the State to the Supreme Court; and in such cases the judgment must be suspended pending

the appeal; but, except in capital cases, the party may give bail, with sufficient sureties, conditioned that he will appear before such court or officer as may be prescribed by the judge or chancellor, and abide the judgment rendered," etc.

The petitioner in the present case was committed to jail without bail on a preliminary hearing by the committing magistrate on affidavit and warrant charging him with murder. The probate judge on the hearing of the petition admitted the petitioner to bail. It is manifest that the provision in the foregoing statute which gives to the State the right of appeal, where the party is held in custody under an indictment charging him with a capital offense and bail is allowed, confers no right of appeal in the case before us, since the party was not held in custody under any indictment. The other provisions of the statute giving to the State the right of appeal, is where the person is held in custody under a *charge* or *conviction* for crime, or for extradition as a fugitive from the justice of another State, and is *discharged* from such custody. Here the petitioner was held in custody under a charge for crime, and was admitted to bail on the hearing of his petition. It is here contended on the part of the State, that this was a discharge from custody, and such discharge as gave to the State the right to appeal. We are quite clear that the statute does not admit of this construction. By the terms of the statute an evident distinction is made between a *discharge* from custody and *admission to bail*. By the former, an absolute, unqualified discharge is clearly contemplated. It is too plain for argument, that the connection in which the language, "discharged from such custody" is employed, does not mean discharge on bail, since a person held in custody under a conviction for a crime may not be admitted to bail, and it is in the same sense that the language is employed when the party is held in custody under a *charge* for crime, other than under an indictment for a capital offense, and it is, by the terms of the statute, under the last mentioned custody, that is, under an indictment charging a capital offense, that the right of appeal is given the State when there is a discharge on bail. It results from the foregoing considerations that the motion to dismiss the appeal must prevail.

The appeal is dismissed.