# Stewart *v.* Paul.

## *Petition for Habeas Corpus.*

1. *Appeal from order of probate judge as to custody of child.*—Under statutory provisions (Code, § 457) an appeal will lie to the Supreme Court from the order of the judge of probate, awarding the custody of a child to the petitioner, who had filed a petition for a writ of *habeas corpus* to have the custody of the child taken from the respondent.
2. *Same; appeal bond necessary.*—In such a case, the party appealing is required to give security for costs, and failing so to do, the appeal will be dismissed.

APPEAL from the Probate Court of Geneva.
Heard before the Hon. ED. ROACH.
The facts in this case are sufficiently stated in the opinion.

W. O. MULKEY, for appellant.

C. D. CARMICHAEL, *contra.*

DOWDELL, J.—The appellee filed a petition to the judge of probate for a writ of *habeas corpus* upon the ground that her child, ten years old, was illegally held by the appellant.    On this petition a hearing was had before the judge, and upon such hearing a judgment was

rendered according the custody of the child to the peti-
tioner, and further adjudging the costs against the ap-
pellant, and from this judgment or order the present
appeal was taken. The judgment or order was such, ·
from which, either party under the statute might pros-
ecute an appeal.—Code 1896, § 457, (same as § 3640,
Code 1886; *Shows v. Pendry*, 93 Ala. 248. This proceed-
ing, the party restrained not being held under any crim-
inal charge, · is in its nature a civil proceding. The
party appealing is under the statute, (§ 439 of the Code,
1896), required to give security for costs, and failing to
do so, the appeal cannot be sustained. No security for
costs of appeal was given in this case, and it follows that
the appeal must be dismissed.

Appeal dismissed.

McCLELLAN, C. J., HARALSON and DENSON, JJ., con-
curring.