(102 So. 155)

### STATE v. GILBERT et al. (7 Div. 83.)

(Court of Appeals of Alabama. Nov. 11, 1924.)

1. **Habeas corpus** &xrarr;107—**Right to bail is determined on habeas corpus.**

Where prisoner is indicted of capital felony right to bail is to be determined on habeas corpus, and state and accused may present evidence on hearing of petition.

2. **Habeas corpus** &xrarr;46—**Probate judge has jurisdiction to grant bail to accused upon petition of habeas corpus.**

Probate judge has concurrent jurisdiction with circuit judge to admit to bail, under Code 1923, § 4310, which provides, in substance, that, when person is confined in county jail or other place on charge of felony, petition must be addressed to nearest circuit judge or to judge of probate of county where person is confined.

3. **Bail** &xrarr;49—**One indicted for murder properly admitted to bail, though circumstances pointed to guilt.**

Unless the proof is evident or the presumption great, one indicted for capital felony may be admitted to bail, although strong circumstantial evidence of guilt be against him.

Appeal from Probate Court, De Kalb County; G. L. Malone, Judge.

Petitions by Bascom and Parish Gilbert for writ of habeas corpus to fix bail. From a judgment admitting the petitioners to bail, the State appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

J. V. Curtis and C. A. Wolfes, both of Fort Payne, for appellees.

The probate judge had jurisdiction of the petitions. Code 1907, § 4310. Under the evidence, the petitioners were entitled to bail. Ex parte Acree, 63 Ala. 234; Grissett v. State, 18 Ala. App. 675, 94 So. 271.

FOSTER, J. Bascom Gilbert and Parish Gilbert were indicted by the grand jury of De Kalb county for murder in the first degree. Under a capias issued by the clerk for their arrest the sheriff had arrested them, and they were confined in jail to answer to said charge of murder. Each presented his petition to the judge of probate of De Kalb county praying for the writ of habeas corpus. By agreement the two petitions were heard together. One averment was that the detention was unlawful and they were entitled to bail pending the trial on the charge preferred against them, and the petition prayed that each be brought before the judge of probate, "then and there to do and receive what should be considered concerning him."

It is contended by the state that the judge of probate was without jurisdiction to hear the petition. Section 4310, Code 1923, provides:

"When the person is confined in a county jail, or any other place on a charge of a felony, or under a commitment or indictment for a felony, the petition must be addressed to the nearest circuit judge, or to the judge of probate of the county where the person is confined."

This is a petition for habeas corpus to fix bail. For being imprisoned under an indictment for murder in the first degree bail was the highest privilege and benefit the law allowed them. The petition was under chapter 151, Code 1923, and the procedings therein provided control.

[1, 2] Where a prisoner is indicted for a capital felony, the right to bail is to be determined on habeas corpus, and the state and the accused have a right to present evidence on the hearing. State ex rel. Attorney General v. Lowe, 204 Ala. 288, 85 So. 707. In the instant case the judge of probate had in his county the same jurisdiction as the circuit judge. Section 4310, Code 1923; Ex parte Keeling, 50 Ala. 474.

[3] At the common law all cases were bailable, and so they are under our Constitution and laws, except "When the proof is evident or the presumption great." A prisoner under indictment for a capital felony is presumed to be guilty in the highest degree, and in order to deserve bail must overcome that presumption by proof. State ex rel. Attorney General v. Lowe, supra.

The evidence against the petitioners is circumstantial. The circumstances may point strongly to the prisoners as the guilty perpetrators, and we would not weaken the force of the evidence. Justice Stone in Ex parte Acree, 63 Ala. 234, said:

"The humane provisions of the law are that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the

---

defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused."

The judge of probate saw the witnesses, and heard all of the evidence, and in our opinion properly allowed the prisoners bail.

Affirmed.