(108 So. 62).

TILLMAN v. WALTERS. (3 Div. 726.)

(Supreme Court of Alabama. Dec. 10, 1925.)

1. Parent and child ⬅➡2(4)—It is immaterial whether custody of child be brought to court's attention by bill, petition, or application for writ of habeas corpus; relief denied indicating form of application.

Mere legal niceties are not favored on petition for certiorari to review Court of Appeals' dismissal of appeal from order in habeas corpus for custody of infants, and it is immaterial whether question of custody be brought to court's attention by bill, petition, or application for such writ; relief denied indicating form of application.

2. Constitutional law ⬅➡316—Due process in state courts under law not repugnant to federal Constitution includes due notice and hearing or opportunity to be heard before court of competent jurisdiction, but not necessarily appellate review (Const. U. S. Amend. 14).

Due process in proceedings in state courts, under law not repugnant to federal Constitution, conducted according to settled course of such proceedings as established by state law, includes due notice and hearing or opportunity to be heard before court of competent jurisdiction, and Fourteenth Amendment does not require that state provide for appellate review.

3. Constitutional law ⬅➡316—Neither state nor federal Constitution is offended by absence of statute providing for appellate review of order or judgment in habeas corpus, in absence of restriction on Supreme Court's superintendence and control of inferior tribunals (Const. 1901, § 140).

Legislature being authorized to limit, restrict, or abolish right of appeal, so long as it does not restrict Supreme Court's superintendence and control over inferior tribunals under Const. 1901, § 140, neither state nor federal Constitution is offended by absence of statutory provision for appellate review of order or judgment in habeas corpus in criminal or quasi civil cases.

4. Habeas corpus ⬅➡113(½)—Right of appeal to Supreme Court in habeas corpus and other suits does not exist under common law.

Right of appeal to Supreme Court in habeas corpus and other suits is regulated by statute, and does not exist under common law.

5. Habeas corpus ⬅➡2—Privilege of writ is not suspended by failure to provide for appeal in cases founded on recognized classification or distinction (Const. 1901, § 17).

Privilege of writ of habeas corpus in criminal or civil cases is not suspended by state authorities in violation of Const. 1901, § 17, by failure to provide for appeal in class of cases founded on recognized classification or distinction.

6. Habeas corpus ⬅➡117(1)—Circuit judge's order on petition for writ for custody of minor is conclusive until material circumstances warrant another judgment, or until modified and reversed by review, or in exercise of Supreme Court's superintendence and control over inferior courts (Const. 1901, § 140).

Order of circuit judge on petition for habeas corpus for custody of minor is final and conclusive until material circumstances warrant another judgment, or until modified and reversed by review, or in exercise of Supreme Court's superintendence and control over inferior jurisdictions, under Const. 1901, § 140.

7. Habeas corpus ⬅➡117(1)—Habeas corpus proceedings for custody of children are in nature of private suit, wherein judgment is final.

Petition in habeas corpus proceedings, civil in nature, as to determine custody of children, debtors, etc., for bail or for discharge of one indicted for crime, partakes of nature of private suit, in which public primarily has no concern, and judgment rendered is final adjudication of custody.

8. Habeas corpus ⬅➡113(3).

Right of appeal from order of circuit judges directing custody of infant on habeas corpus exists under Code 1923, §§ 6078, 6085.

9. Constitutional law ⬅➡46(3)—Constitutionality of act as affecting right to bail and right to apply successively to different courts for writ held immaterial, as respects right of appeal from order denying writ for custody of child, application not being criminal procedure (Code 1923, §§ 3238, 4305 et seq., and sections 4305–4307; Const. 1901, §§ 16, 140).

Constitutionality, as affecting right to bail, of Code 1923, § 3238, which in its original form (Code 1907, § 6245), was broad enough to accord right of appeal from order affecting custody of infants, and right to apply successively to different courts for writ of habeas corpus under Const. 1901, § 140, are immaterial as respects right of appeal from order of circuit judge denying writ for custody of minor, such writ not being criminal procedure within section 3238, declaring right of appeal as to criminal cases or cases in nature thereof, wherein writ is authorized under Code 1923, § 4305 et seq., and sections 4305–4307, §§ 3360–3393, and Const. 1901, § 16.

10. Parent and child ⬅➡2(2)—Primary control and custody is with government, and delegated to natural or legal guardians so long as they are fit and suitable and it is to child's best interest.

Primary control and custody of infant is with government, and is delegated to natural or

legal guardians so long as they are fit and suitable persons for purpose and it is to best interest of child to remain in such custody.

Certiorari to Court of Appeals.

Petition of Lisbon Tillman for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Tillman v. Walters, 108 So. 61. Writ, granted.

See, also, Tillman v. Walters (Ala. Sup.) 108 So. 67, post, p. 76 (3 Div. 752).

John S. Tilley and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Mandamus is not the proper method for review in a case of this character, since the writ will not issue to control judicial action. Ex parte Seals Piano Co., 190 Ala. 645, 67 So. 240. Section 140 of the Constitution vests in the Supreme Court general superintendence and control of all inferior jurisdictions. This right cannot be taken away by the Legislature. The statutes relative to appeals generally are applicable to a case of this character.

L. A. Sanderson, of Montgomery, for appellee.

Appeals are regulated by statute. Since the statutes provide no appeal from a judgment or decree on petition for habeas corpus by the circuit judge, no appeal lies therefrom.

THOMAS, J. This is a petition for certiorari to the Court of Appeals to review its action in dismissing an appeal from an order in habeas corpus before the circuit judge for the custody of infants. 108 So. 61.

[1] A preliminary observation may be made, as to such petition, proceedings or pleadings therein, that mere legal niceties are not favored. Murphree v. Hanson, 72 So. 437, 197 Ala. 246, 259; State v. Thurman, 88 So. 61, 17 Ala. App. 656; Frank v. Mangum, Sheriff, 35 S. Ct. 582, 237 U. S. 348, 59 L. Ed. 969. It is immaterial, in any matter affecting the custody of a child, whether it be brought to the attention of a court by bill, petition (McDaniel v. Youngblood, 77 So. 674, 201 Ala. 260), or application for writ of habeas corpus (Harrist v. Harrist, 43 So. 962, 151 Ala. 656); and the relief denied indicates the form of the application. Murphree v. Hanson, supra; Powell v. Johnson, 104 So. 525, 213 Ala. 259.

[2] It should be observed that due process, required by the Constitution in legal proceedings in the state courts based upon a law not repugnant to the federal Constitution and conducted according to the settled course of such proceedings as established by the law of such state, includes due notice, a hearing, or opportunity to be heard, before a court of competent jurisdiction. Where the law of the state provides for an appeal in a case to the Supreme Court of that state upon well-recognized grounds, that procedure will be looked to in the determination by the federal court of whether the defendant has been deprived of his life, liberty, or property contrary to the Fourteenth Amendment. This amendment does not require that a state shall provide for an appellate review. Hurtado v. California, 4 S. Ct. 292, 110 U. S. 516, 28 L. Ed. 232; Pittsburgh, etc., Co. v. Backus, 14 S. Ct. 1114, 154 U. S. 421, 38 L. Ed. 1031; Reetz v. Michigan, 23 S. Ct. 390, 188 U. S. 505, 47 L. Ed. 563, 566; Frank v. Mangum, Sheriff, 35 S. Ct. 582, 237 U. S. 309, 59 L. Ed. 969, 980.

[3] In Woodward Iron Co. v. Bradford, 90 So. 803, 206 Ala. 447, 450, it was declared that the right of appeal was a part of the remedy (Theo. Poull Co. v. Foy-Hays Const. Co., 48 So. 785, 159 Ala. 458, and that the Legislature can limit, restrict, or abolish the right of appeal so long as it does not attempt to restrict the right of this court to exercise its superintendence and control over inferior tribunals under section 140 of the Constitution. Ex parte L. & N. R. R., 58 So. 315, 176 Ala. 631, Ex parte Croom & May, 19 Ala. 566. If, therefore, there is no statute providing for a review by the Court of Appeals or this court of the order or judgment in habeas corpus (in criminal or quasi civil cases), for this failure the organic law, state or federal, is not offended.

[4, 5] The state and federal decisions recognize that the right of appeal to the Supreme Court in habeas corpus suits and other cases is regulated by statute. Unless such further hearing is so provided that right does not exist under the common law. Smotherman v. State, 37 So. 376, 140 Ala. 168; In re Knox, 64 Ala. 463; Woodward Iron Co. v. Bradford, 90 So. 803, 206 Ala. 447, 450; Ex parte L. & N. R. R., 58 So. 315, 176 Ala. 631; Theo. Poull Co. v. Foy-Hays Const. Co., 48 So. 785, 159 Ala. 458, 10 A. L. R. 402; Frank v. Mangum, Sheriff, 35 S. Ct. 582, 237 U. S. 309, 59 L. Ed. 969, 980; State v. Thurman, 88 So. 61, 17 Ala. App. 656. It follows that the privilege of the writ of habeas corpus in criminal or civil cases is not suspended by the authorities of the state (Const. § 17), by failure to provide for an appeal in a class of cases founded and based on a recognized classification or distinction and denied in another due classification. State v. Berkstresser, 34 So. 686, 137 Ala. 109; Ex parte Smith, 102 So. 122, 212 Ala. 262; Woco Pep Co. v. City of Montgomery, 105 So. 214, 213 Ala. 452.

From the foregoing are the decisions that, appeal not being given in habeas corpus, there was the right to apply successively to the different courts or magistrates for the writ (Ex parte Croom & May, 19 Ala. 561; Ex parte Hardy, 68 Ala. 324; Ex parte Cleveland, 36 Ala. 306), and from this later came the statute giving the aggrieved party the right of appeal, construed to embrace the solicitor for the state as well as a defendant,

and the upholding of the statute as not being offensive to section 17 of the Constitution. State v. Towery, 39 So. 309, 143 Ala. 48, 50; State v. Lacey, 48 So. 343, 158 Ala. 16.

[6] To a better understanding of the case presented, it should be observed that the petition for habeas corpus for the custody of the minor was addressed to a circuit judge, and the order thereon was final and conclusive of the rights of petitioner and in favor of respondent as to the custody of the child. That is to say, it was a final judgment in the premises, so long as the facts are unchanged, until the material circumstances of the case warrant another judgment, or until modified or reversed by review, or, in the exercise of the court's right of superintendence and control over inferior jurisdictions, the same is modified or reversed. Const. § 140; Woodward Iron Co. v. Bradford, 90 So. 803, 206 Ala. 447, 450.

That the right of appeal existed was recognized in Powell v. Johnson (Ala. Sup.) 104 So. 525,[1] where the question was not discussed. Other cases adverted to are Payne v. Graham, 102 So. 729, 20 Ala. App. 439, before the Code of 1923 with its sections 3238 was effective; Thacker v. State, 101 So. 636, 638, 20 Ala. App. 302, was extradition and before the Code of 1923; State v. Gilbert, 102 So. 155, 20 Ala. App. 357, and State v. Jones, 101 So. 814, 20 Ala. App. 349, were for bail. The change in the statute from section 6245 of the Code of 1907 to section 3238 of the Code of 1923, as affecting criminal cases, is pointed out in Ex parte Shirley, 103 So. 68, 20 Ala. App. 473. There was no petition for certiorari filed in this court in that case.

[7] Before answering the question of the right of review vel non by appeal in the instant case, it should be observed that our decisions in habeas corpus cases generally have not made clear the distinction between petitions, orders, and appeals in habeas corpus proceedings civil in nature—as to determine the custody of children, debtors, witnesses, seamen, and the like—and those in criminal cases for bail or the discharge of one under indictment for crime. A casual consideration of the reasons for the distinction will suggest that the former is in material respects an action partaking of the nature of a private suit, in which the public primarily has no concern, and the rights of the respective parties and the subjects of the petition (the child or children) are determined as a civil action. The judgment rendered is a final adjudication in regard to such custody (McKenzie v. Jensen, 70 So. 678, 195 Ala. 36; Burns v. Shapley, 77 So. 447, 16 Ala. App. 297); and it is held in other jurisdictions that the right to appeal followed (People ex rel. Green v. Court of Appeals, 61 P. 592, 27 Colo. 405, 51 L. R. A. 105, 112; Jamison v. Gilbert, 135 P. 342, 38 Okl. 751, 47 L. R. A. [N. S.] 1113).

Further illustrating the nature of such petition and order in habeas corpus for the custody of children, it is held that the awarding of the custody of a child to petitioner is self-executing (McEntire v. McEntire [Ala. Sup.] 104 So. 804[2]); the taking of an appeal and the giving of an appeal bond by the respondent do not entitle the latter to retain custody of the child pending the determination of the appeal, but such action on the part of the respondent merely operates to stay execution for costs incurred in the initial proceeding and hearing (Willis v. Willis, 75 N. E. 655, 165 Ind. 332, 2 L. R. A. [N. S.] 244, 6 Ann. Cas. 772). There is analogy in the effect of security for costs on appeal in the civil contempt of McEntire v. McEntire (Ala. Sup.) 104 So. 804,[2] and Ex parte Charleston, 18 So. 224, 107 Ala. 688, where the charge was bastardy, partaking of both a civil and a criminal suit; and Morrow v. Bird, 6 Ala. 834, a debtor held on a writ of ca. sa., by virtue of civil process; Ex parte Dickens, 50 So. 218, 162 Ala. 272; Ex parte Hardy, 68 Ala. 303, in civil contempt; Ex parte Pearce, 20 So. 343, 111 Ala. 99, for discharge of witness; Shows v. Pendry, 9 So. 462, 93 Ala. 248, discharging an apprentice; 29 C. J. 102–104, 109, for quarantine, bastardy, and arrests in civil cases, ne exeat, married women, bankruptcy, seamen, insane persons and infants.

The distinction between habeas corpus for the custody of children as a civil action and that by a defendent for relief from an illegal custody or for bail (criminal) is indicated by Mr. Chief Justice Hayes as follows:

"* * * An examination of the authorities convinces us that the weight of authority holds that there is a distinction between a habeas corpus proceeding brought to secure the release of a person from restraint and a similar proceeding instituted to determine the right to the custody of children. In the former class of cases, a decision on one writ is not a bar to the issuance of and proceedings upon a second writ; but an order in a proceeding to determine the right to the custody of a child, where the facts in the proceeding are the same as the first, is res adjudicata. The rule has been stated by one court as follows:

"'In a proceeding for habeas corpus, where controversy arises over the custody of a child, the real issue is one between private parties, contesting the question of private rights, in which there arises no question of a personal liberty, and in consequence all matters in issue arising upon the same state of facts determined in a prior proceeding, should be regarded as settled and concluded. However, where many facts appear to be presented by the record which may not have been presented to the judge at the former hearing, and where possibly other facts have occurred since the former hearing, this court will examine the entire matter.' In re Hamilton, 71 P. 817, 66 Kan. 754; Blakley [Bleakley] v. Barclay, 89 P. 906, 75 Kan. 462, 10 L. R. A. (N. S.) 230." Jamison v. Gilbert, 135 P. 342, 38 Okl. 751, 754, 47 L. R. A. (N. S.) 1135; 21 Cyc. 351 (4).

---

[1] 213 Ala. 259.

[2] 213 Ala. 328.

In this jurisdiction the nature and effect of a judgment in habeas corpus remanding a prisoner under a charge for crime is shown, as we have indicated, in the right to make a second application to this court to revise the action of the lower court in remanding the prisoner. Ex parte Croom & May, 19 Ala 561; Cox v. Jones, 40 Ala. 297, 299; Ex parte Cleveland, 36 Ala. 306; Matthews v. Hobbs, 51 Ala. 210; Ex parte Hardy, 68 Ala. 324; Woodward Iron Co. v. Bradford, 90 So. 803, 206 Ala. 447, 450; 21 Cyc. 350. On the other hand, adjudications in habeas corpus proceedings to determine the custody of children are conclusive on the parties until reversed or unless there is a change in the material circumstances of the case. Burns v. Shapley, 77 So. 447, 16 Ala. App. 297; 21 Cyc. 357; 29 C. J. 185. In Matthews v. Hobbs, 51 Ala. 210, 212, the Chief Justice said as to the right of habeas corpus to try the right of custody of children:

"The right to the custody of a child who is a bastard, and whose mother is dead, cannot be contested in this way. The child is interested in such a contest, and is entitled to a jury to determine the facts of the case, and to appeal, if there is error in the proceedings; which is not provided for in a case made on a petition for habeas corpus. * * *

"The application for the writ of habeas corpus, in favor of the person imprisoned, or under restraint, can be repeated as often as the restraint is found to be illegal; and the mere discharge from the illegal restraint is, under our statute, the sole object of the writ. * * *"

[8] Notwithstanding this difference of opinion that formerly existed as to the proper process to test the right to the custody of an infant, the weight of the authorities is that a final decision or order by a court of probate in habeas corpus proceedings to determine the right to the custody of an infant, or when the same is tried before a judge of probate, is an appealable decision or order. McKenzie v. Jensen, 70 So. 678, 195 Ala. 36, 39, escheat proceeding. Such is the effect of the general statutes and constructions thereof. Stewart v. Paul, 37 So. 691, 141 Ala. 516 (appeal from order of probate judge on petition for habeas corpus to test the right to custody of a child of petitioner); Code 1896, §§ 457, 464; Code 1907, §§ 2855, 2862; Code 1923, §§ 6114, 6121; Shows v. Pendry, 9 So. 462, 93 Ala. 248 (Code 1886, § 3640); Ex parte Blackburn, 85 So. 495, 204 Ala. 132; 21 Cyc. 341. The apparent conflict of authorities under our statutes is shown by Mr. Justice McClellan in Shows v. Pendry, supra (action on informal appeal bond in proceeding by habeas corpus to proceed to discharge of a minor being held as an apprentice), and followed by the Chief Justice in Stewart v. Paul, 37 So. 691, 141 Ala. 516. See, also, McCarter v. City of Florence (Ala. Sup.) 104 So. 806,[3] habeas corpus

for discharge of petitioner held for violation of municipal ordinance, holding that appeal will lie from such order of a judge of probate, overruling Matthews v. Hobbs, 51 Ala. 210, and Guilford v. Hicks, 36 Ala. 95. This illustrates the legislative policy for appeal in the premises.

As heretofore indicated, the instant order and appeal from the circuit judge on habeas corpus directing the custody of infants was invoked by petition for habeas corpus and of like proceeding and order, as was conceded, presented by appeal, and affirmed in Powell v. Johnson (Ala. Sup.) 104 So. 525.[1] If the latter decision is correct, the Court of Appeals is in error in dismissing this appeal without a consideration of the merits or question presented for decision by the appeal. Stated in other words, if the custody of children had been directed and ordered by the probate judge after due hearing of habeas corpus, the statute (Code 1923, § 6114), would have authorized appeal and review; and if by the decree of the circuit court, or a court with chancery jurisdiction in the premises, there would be found statutory authority for the appeal and review of such order or decree in section 6078 of the Code of 1923. McDaniel v. Youngblood, 77 So. 674, 201 Ala. 260; Murphree v. Hanson, 72 So. 437, 197 Ala. 246.

The provision for appeal from proceedings as to remedial writs is given a place in chapter 257 of the Code of 1923 as section 6085. It is preceded by general provision for appeals to the Supreme Court on all final judgments or decrees "of the circuit court, or courts of like jurisdiction, or probate court, except in such cases as are otherwise directed by law" (section 6078); appeals from certain interlocutory decrees—as sustaining or overruling demurrer to a bill in equity—(section 6079); appeals on orders dissolving or discharging injunctions (section 6081); appeals from orders appointing or refusing to appoint receivers (section 6082); appeals from judgments overruling motions to dismiss or quash attachments or sustaining demurrers to pleas in abatement to attachment, etc. (Section 6083 [Melvin v. Scowley (Ala. Sup.) 104 So. 817[4]]); appeal in ad quod damnum proceedings (section 6084). It is then provided:

"*Appeals from Proceedings as to Remedial Writs.*—Appeals may be taken to the Supreme Court from the judgment of the judges of the circuit courts, on application for writs of certiorari, supersedeas, quo warranto, mandamus, and other remedial writs, upon plaintiff or defendant giving security for the costs of appeal, approved by the judge trying the same, within thirty days from the day of the judgment; but such appeal shall not operate as a supersedeas of the judgment, unless bond with sufficient sureties be given by the appellant, payable to the appellee, in such sum as the judge hearing

---

[3] 213 Ala. 367.   [1] 213 Ala. 259.   [4] 213 Ala. 414.

the application shall require, conditioned to pay all damages thereby sustained." Code, § 6085.

Then following are provisions for appeals from partial settlements of estates and decisions on motions for new trials (sections 6087, 6088), and from judgments or decrees of courts that have been abolished by law within the time provided for an appeal (section 6087) as set forth in the chapter on "Appeals."

When the foregoing provisions are considered with the statute for appellate review of all appeals (section 6078) from judgments and orders of probate courts and judges thereof (sections 6114, 6115, 6117, 6125), that in habeas corpus in criminal cases (section 3238), and appeals from proceedings as to remedial writs (section 6085), it is apparent that the public policy of the state was declared in favor of appellate review in important civil and criminal litigations as indicated, and as presenting a system of administration of the laws.

[9] The codification of section 3238 in its changed form from that of section 6245 of the Code of 1907 does not now touch appellant's status. In its original form, providing, as it did, the right of appeal by "any party aggrieved" (Code 1907, § 6245), it was broad enough to accord the right of appeal when the custody of infants was for decision, if such right did not otherwise exist.

We need not pass upon the constitutionality of section 3238 as affecting the right of a defendant to bail, since no such question is presented by the change adverted to in Ex parte State ex rel. Shirley, 103 So. 68, 20 Ala. App. 473. We have to search elsewhere for statutory authority for appeal. It is likewise immaterial to the appellant that a defendant or party interested in habeas corpus has the right to apply successively to different courts for the writ. Const. § 140; State v. Towery, 39 So. 309, 143 Ala. 48, 50. As appellee's counsel points out, the right of appeal is sought to be maintained, and the decision must rest on that right (or the absence thereof), as was the case in Powell v. Johnson (Ala. Sup.) 104 So. 525, 213 Ala. 259.

Under the present statute as to habeas corpus (Code, § 4305 et seq.), any person who is imprisoned or restrained of his liberty in this state on any criminal charge or accusation, or under any pretense whatever (except detention by virtue of process by the United States Courts or judges thereof, etc.), may prosecute a writ of habeas corpus according to chapter 151 of the Code of 1923, pp. 370, et seq.—persons confined in jail under peace proceedings (section 4306), persons confined as insane (section 4307), and persons confined for bail (chapter 83 et seq.; Const. § 16). The right of appeal is declared as to such criminal cases, or cases in the nature thereof, in section 3238 of the Code.

It will be noted that section 6085 of the Code of 1923 comes unchanged (except as to city courts) from section 3923 of the Code of 1876. It was construed in Ex parte City Council of Montgomery in re Knox, 64 Ala. 463, and held not to apply to cases criminal or quasi criminal in nature, but did apply to strictly civil cases.

In State ex rel. Pinney v. Williams, 69 Ala. 311, as to mandamus in the matter of settlement in probate court, it was declared that the writ was "clearly of a civil nature, the petition in such case being much in the nature of a bill in chancery for specific performance"; and, though the origin of the writ was to "prevent disorder from a failure of justice and defect of police," it is issued in the "name of the sovereign, its purpose is the redress of civil rights, and it can, in no wise, be regarded as a criminal procedure." Ex parte City Council of Montgomery, in re Knox, 64 Ala. 463. The same may be said of the instant writ involving the custody of children.

[10] Cases for the determination of the custody of infants are not within the criminal laws, but are civil actions however the question may be presented, whether by bill in chancery, petition to a court, or petition for writ of habeas corpus. The primary control and custody of the infant is with the government, and delegated to the natural or legal guardians so long as they are fit and suitable persons for the purpose and it is to the best interests of the child so to remain in such custody. McDaniel v. Youngblood, 77 So. 674, 201 Ala. 260; Ex parte Roberts, 85 So. 871, 17 Ala. App. 538; Wellesley v. Duke of Beaufort, 2 Russ. 1. A petition for the writ of habeas corpus to determine the custody of an infant is in the nature of a bill in chancery for that specific purpose, and is a civil action (10 A. L. R. 401 [G]), a petition for "other remedial writ." It is directed to a judge of the circuit court, and the order, after hearing, was a final judgment remanding the custody of the child to the respondent, and was within the provision of section 6085 (2843) of the Code of 1923, giving the right of appeal "from proceedings as to remedial writs." De Graffenried v. Breitling, 68 So. 265, 192 Ala. 254; State ex rel. Wright v. Kemp, 87 So. 836, 205 Ala. 201; Mills v. Court of Commissioners, 85 So. 564, 204 Ala. 41; Long, Judge, v. Winona Coal Co., 89 So. 788, 206 Ala. 315; Mayfield v. Court of Commissioners, 41 So. 932, 148 Ala. 548.

The decision in Powell v. Johnson (Ala. Sup.) 104 So. 525,[1] in my judgment, should be adhered to, and the writ of certiorari granted to the Court of Appeals for judgment therein reinstating the appeal for consideration on its merits.

SOMERVILLE, J., concurs in the foregoing.

ANDERSON, C. J., and SAYRE, GARD-

---

[1] 213 Ala. 259.

NER, MILLER, and BOULDIN, JJ., are of opinion that the right of appeal exists under section 6078, Code of 1923.

It follows that all of the Justices concur in granting the writ.

Writ granted.

