ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from an order of modification of visitation rights from New York, New York to St. Thomas, Virgin Islands.
Appellant has custody of two female children, ages eight and thirteen, and appellee had the right of visitation of said children in New York by judgment of the trial court dated December 10, 1982. In May 1983 appellee filed a motion to modify said judgment, alleging that on July 1, 1983 he was to move to St. Thomas, Virgin Islands, and prayed that his visitation privileges be extended to St. Thomas in lieu of New York. Appellant filed an answer opposing the modification.
The trial court held a pretrial hearing on said motion on July 1,1983, and by order of the court dated July 8, 1983, the modification was granted without an evidentiary hearing.
In the order of modification, the court found that another judge had held a full evidentiary hearing concerning visitation in New York six months prior, and that the objections of the appellant were essentially the same as at the previous hearing and that this modification is formal rather than substantive. From that order this appeal is taken.
Appellant alleges that she was denied due process of law in that she was not given a hearing to present evidence in opposition to the modification. Appellee alleges appellant failed to raise the question of a hearing below and invoke an adversary ruling of the trial court from which she could appeal.
The courts of Alabama have often held:
“In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction. Tillman v. Walters, 214 Ala. 71, 108 So. 62 [1925].”
Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961). Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977). The parental right to due process far outweighs any burden that would be placed on the proceeding to determine that right. Thorne v. Thorne, supra.
From the record there is no indication prior to the modification order that visitation privileges outside the continental United States would be granted without a hearing.
The trial court’s action in denying appellant a hearing on the legal and factual matters involved in this case deprived appellant of her right to due process.
Therefore, we reverse.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.