# McKenzie *v.* Jensen.

### Escheat Proceedings.

(Decided January 20, 1915.   70 South. 678.)

1. **Appeal and Error; Review; Scope.**—On appeal this court can review only those questions passed on below; hence, where the bill of exceptions in the circuit court discloses that the only question before it was whether the appeal from the probate court should be dismissed, that question only will be reviewed on appeal.

2. **Same.**—While an administrator may appeal from an order of the probate court dismissing escheat proceedings instituted by him, yet where the only issue is of fact, whether certain claimants were heirs of the intestate, the order of the probate court cannot be reviewed in the absence of a bill of exceptions showing the proceedings and evidence on the hearing before it.

[McKenzie v. Jensen.]

3. **Courts; Orders; Appealable; Review.**—Under § 2855, Code 1907, an order of the probate court dismissing escheat proceedings on the ground that the property descended and did not escheat is appealable.

4. **Escheats; Right of Personal Representative.**—Under §§ 3918-26, Code 1907, it is the duty and right of an administrator to see that estate property goes to the person entitled thereto, and although an order of the probate court dismissing his escheat proceedings, and finding that the property descended to certain claimants would protect him, yet he may appeal therefrom.

5. **Appeal and Error; Orders Appealable; Intermediate Courts.**—In the absence of application for mandamus to the circuit court to compel it to mandamus the probate judge to establish a bill of exceptions, this court cannot consider an application to the circuit court to compel the probate judge to approve a bill of exceptions, where such application was not passed upon by the circuit court.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Escheat proceedings by N. G. McKenzie, administrator of the estate of Jorgan Jensen, deceased, opposed by Christian V. T. Jensen. The probate court dismissed the proceedings, the circuit court dismissed the administrator's appeal from that judgment, and the administrator appeals. Reversed and remanded.

D. B. COBBS, and S. C. JENKINS, for appellant. RICKARBY & AUSTILL, for appellee.

MAYFIELD, J.—Appellant is administrator of the estate of Jorgan Jensen, deceased. Several years after appellant was appointed such administrator by the probate court of Baldwin county, appellee and others, claiming to be the heirs and distributees of appellant's intestate, appeared and sought to have settlements of the estate, and to resist charges for compensation made or filed by the administrator. The administrator denied or disputed that appellee was an heir or distributee, and claimed that intestate left no heirs or distributees, or that he was unable to find such heirs or distributees, and he thereafter instituted escheat proceedings under chapter 32, §§ 3918-3926 of the Code of 1907. After this matter had been pending for some time, and evidence was taken and a hearing had, the probate court decided that appellee and others were entitled to the proceeds of the estate as heirs and distributees, and therefore dismissed the escheat proceedings. From the order dismissing the

escheat proceedings, appellant appealed to the circuit court, where a motion was made by appellee to dismiss the appeal. The motion was granted, and from that judgment of the circuit court this appeal is prosecuted.

No bill of exceptions was ever had of the proceedings in the probate court. An application was made in the circuit court, in the nature of a petition for mandamus, to require the probate judge to approve and sign a bill of exceptions; but this motion was not passed on by the circuit court or the judge thereof, and of course we cannot review a question which has not been passed on by the lower court. The bill of exceptions taken in the circuit court informs us that the only question passed upon by the circuit court was whether or not the appeal should be dismissed; consequently this is the only ruling we can now review or pass upon, this being not an original proceeding here, but merely an appeal from a judgment of the lower court.

(2) Whether or not the escheat proceeding in the probate court was properly dismissed depended upon the evidence before that court on the question of whether or not the intestate left any heirs or distributees. The circuit court could not review the correctness of the decision of the probate court on the question, without the evidence which was before the latter. We are of the opinion that the administrator might appeal from the decree or order of the probate court, or from the decree or order of even the judge thereof, dismissing the escheat proceedings, but that such decree or order could not be reviewed by the circuit court, or by this court, without a bill of exceptions of the proceedings in the probate court.

It conclusively appears that the only dispute or difference between the litigants is whether or not appellee is an heir or distributee of appellant's intestate, or, in other words, whether the estate descended or escheated. The probate court, after a hearing, on the evidence decided that it descended. In the absence of a bill of exceptions showing the proceedings and the evidence on the hearing, the judgment of the probate court cannot be revised on appeal. This was held by this court long ago, in the case of *Truett v. Woodham,* 98 Ala. 605, 13 South. 519, where it was said by Stone, C. J., construing a similar statute in the Code of 1886: "Appeals in this class of cases are authorized by section 3641 of the Code to be taken from the pro-

bate court by the party aggrieved to the circuit or Supreme Court, and by section 3642 of the Code an appeal to the Supreme Court is authorized from the judgment of the circuit court on such appeals. And by section 3648 of the Code either party is authorized, by bill of exceptions, to reserve any charge, opinion, ruling, or decision of the court, or of the judge, touching the matter of controversy, which would not otherwise appear of record, and such bill, when duly signed, becomes a part of the record. The testimony found in the transcript of the proceedings of the probate court, which was filed in the circuit court, not having been incorporated in a bill of exceptions, was not before the circuit court on the appeal, and could not be considered by it for any purpose, nor can it be considered here. The judgment of the circuit court, on the appeal before it, could only be rested on the record, and the judgment of the circuit court must likewise be reviewed in this court on the record alone."

The case of *Bradley v. Andress*, 30 Ala. 80, was cited and relied upon by the Chief Justice, and it more than supports the holding. These statutes have been many times readopted, with this construction placed upon them, and we do not desire to depart from that construction.

(3, 4) We do not, however, agree with the trial court, or with counsel for appellee, that the judgment of the probate court decreeing that the estate descended, rather than escheated to the state, cannot be reviewed on appeal by the administrator, or rather that the judgment or order will not support an appeal by the personal representative. Section 2855 of the Code provides that: "An appeal lies to the circuit or Supreme Court from any final decree of the court of probate, or from any final judgment, order, or decree of the judge of probate; and in all cases where it may of right be done, the appellate court shall render such decree, order, or judgment as the court of probate, or the judge thereof, ought to have rendered."

This has been held to include all final orders, even those of the judge; in fact, the statute so reads. See citations to the above section of the Code. This order, whether by the court or by the judge, was final as to whether the estate descended or escheated, and hence would support an appeal.

The statutes as to escheats (sections 3918-3926) impose duties and responsibilities on the administrator, both as to hav-

[McKenzie v. Jensen.]

ing the estate so declared, and as to seeing that the property goes to the state, if the estate does escheat rather than descend. While the order or decree of the court might protect the administrator from liability, yet he has the right, and the duty rests upon him, to see that the property passes to one entitled thereto, whether such one entitled be heir or distributee, or the state. And the statutes give him the right to appeal from the order of the probate court on the subject.

(5) It is insisted by appellant that the circuit court should have issued a mandamus to the probate judge, or should have proceeded to establish a bill of exceptions. If we should concede this contention—which we do not, because we do not know the facts—we could afford no relief on this appeal, because the question was not passed upon by the circuit court, and there is no application here for mandamus to the circuit court or to the circuit court judge.

It appears, from what we have said above, that it is difficult to see how appellant can obtain any relief in the circuit court without a bill of exceptions showing the proceedings in the probate court; but as this record informs us that the trial court declined to pass upon appellant's motion to establish such bill of exceptions, as well as upon his motion or application for mandamus, on the ground that it was unnecessary, the circuit court being of the opinion that the decree, judgment, or order in the probate court would support the appeal, we must reverse the judgment of the circuit court, and remand the cause for further proceedings in line with what is said in this opinion and in the authorities cited.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.