(75 South. 939)

McKENZIE v. JENSEN. (1 Div. 973.)

(Supreme Court of Alabama. May 10, 1917.)

1. APPEAL AND ERROR ⬥═339(1)—TIME FOR TAKING APPEAL.

An appeal to the Supreme Court from a judgment of the circuit court on appeal, from the probate court falls within Code 1907, §§ 2855–2867, and the Supreme Court has no jurisdiction over it, unless it is taken within 30 days, as prescribed by section 2857.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1883.]

2. APPEAL AND ERROR ⬥═792—TIME FOR TAKING APPEAL.

The Supreme Court will dismiss an appeal for want of jurisdiction on its own motion, where it is not taken within the time prescribed by statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3137–3141.]

3. APPEAL AND ERROR ⬥═355—TIME FOR TAKING APPEAL—WAIVER.

Joinder in error may waive irregularities in mode of taking appeal, but not time within which appeal must be taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1924, 1925.]

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Escheat proceedings by N. G. McKenzie, administrator of the estate of Jorgan Jensen, deceased. Opposed by Christian V. T. Jensen. From an adverse judgment, the administrator appeals. Dismissed.

D. B. Cobbs, of Mobile, and S. C. Jenkins, of Bay Minette, for appellant. Rickarby & Austill, of Mobile, for appellee.

MAYFIELD, J. This is the second appeal in this cause. See report of former appeal (195 Ala. 36, 70 South. 678) for a statement of the case.

[1] We cannot consider any of the questions, rulings as to which are assigned as errors or argued, for want of jurisdiction of the appeal; the same not having been taken within the time prescribed by the statute. The appeal, of course, falls within and is controlled by article 6, chapter 53, of the Code, and not within the general statutes governing appeals from judgments in circuit courts. The time within which this particular appeal should have been taken was fixed by section 2857 of the Code, which reads as follows:

"An appeal to the Supreme Court may be taken from the judgment of the circuit court on an appeal brought to such court under the provisions of this article, within thirty days after such judgment."

[2, 3] This attempted appeal was not taken until long after the 30 days had expired. While no motion or insistence is made by appellee to dismiss the appeal for want of jurisdiction, that question is involved, and is one which the court must take ex mero motu. The Supreme Court will not consider an appeal where it is taken after the time allowed by law for the taking of such appeal. The joinder in error may waive irregularities in the mode of taking the appeal, but it does not dispense with the time of appeal. Etowah M. Co. v. Wills Valley Co., 121 Ala. 672, 25 South. 720; Alexander v. Bates, 127 Ala. 328, 28 South. 415. It may be that this question was availing on the former appeal; if so, it escaped our attention as well as that of counsel.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.