(101 So. 755)

**McKENZIE v. JENSEN et al.**
**(1 Div. 321, 321A.)**

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Executors and administrators ⟪513(4, 9) —Decree of probate court held in effect final accounting of administrator.**

Decree of probate court, having all elements of final settlement, except orders for distribution, and which directed administrator to retain funds in his hands pending proof of heirship or escheat proceedings, *held* properly treated as a final accounting, such that subsequent settlement was limited to doings after date of such decree.

**2. Escheat ⟪6—Decree held final adjudication property did not escheat to state.**

Decree of probate court *held* a final adjudication that property of decedent descended to his heirs and did not escheat to state, so that subsequent proceedings to escheat were unwarranted.

**3. Executors and administrators ⟪288—Administrator holds in trust, and has duty of determining rightful beneficiary and of effecting distribution.**

Administrator holds estate in trust for those entitled thereto, and has duty to ascertain rightful beneficiary and see that it goes to such beneficiary without needless delay nor diminution.

**4. Descent and distribution ⟪71(4)—Decedent presumed to have next of kin living.**

A decedent is presumed to have next of kin living.

**5. Escheat ⬳6—On failure to find heirs, administrator must proceed under statute of escheats.**

Administrator, unable to ascertain lawful heirs or distributees, within statutory period, has duty of proceeding under statute of escheats.

**6. Descent and distribution ⬳71(6)—Finding that claimants were lawful heirs of estate held warranted.**

Finding that claimants of estate were lawful heirs, entitled thereto, *held* warranted.

**7. Executors and administrators ⬳111(1)— Legitimate fees and expenses incurred in good faith litigation should be allowed.**

Legitimate fees and expenses incurred by administrator in bona fide effort to perform trust should be allowed, though litigation prove unsuccessful.

**8. Executors and administrators ⬳111(8)— Refusal to allow fees and expenditures held not error.**

Court, in passing on expenses and allowances, being invested with a judicial discretion, *held* not to err in declining to allow fees and expenses of litigation which would consume estate, and which could have been avoided.

**9. Executors and administrators· ⬳111(4)— Administrator warranted in defending at expense of estate litigation not sustained by courts.**

Administrator is warranted in defending, at expense of estate held by him, litigation instituted by heirs and not sustained by courts.

**10. Executors and administrators ⬳510(12) —Disallowance of claims by administrator held not grounds for reversal.**

Refusal to allow expenditures by administrator in defending unsuccessful litigation by heirs *held* not to justify reversal, where other sums with which he was properly chargeable were, disallowed and a remanding of the cause would have consumed small balance of estate remaining.

Appeal from Probate Court, Baldwin County; G. L. Lambert, Judge.

Proceedings for final settlement by N. G. McKenzie, as administrator of the estate of Jorgen Jensen, deceased, contested by Christian V. T. Jensen and others. From the decree both parties appeal. Affirmed on both appeals.

D. B. Cobbs, of Mobile, and S. C. Jenkins, of Bay Minette, for appellant.

As to admission of declarations of heirship, see Sheffield Iron Corp. v. Dennis, 204 Ala. 530, 86 So. 468; Landers v. Hayes, 196 Ala. 533, 72 So. 106; Cherry·v. State, 68 Ala. 29; Elder v. State, 123 Ala. 35, 26 So. 213; Rogers v. De Bardeleben, 97 Ala. 154, 12 So. 81; White v. Strother, 11 Ala. 720. In escheat proceedings, the claimant must appear at a fixed time, or he loses. Aikin's Dig. 149; Harley v. State, 40 Ala. 689; Nicrosi v.

Giuly, 85 Ala. 367, 5 So. 156; Code 1907, § 3921. Counsel discusses other questions, but without citing additional authorities.

Rickarby & Beebe, of Bay Minette, for appellees.

It was the duty of the administrator to conserve the assets, and see that they reached the hands for which they were intended. Noble v. Jackson, 124 Ala. 321, 26 So. 955. The law presumes that a decedent leaves legal heirs. North Carolina University v. Harrison, 90 N. C. 85; Hammond v. Inloe, 4 Md. 138. The administrator is not entitled to·attorney's fees expended in improper litigation. Pryor v. Davis, 109 Ala. 125, 19 So. 440; 24 C. J. 964.

BOULDIN, J. This appeal is to review a final settlement of the estate of a decedent in the probate court. Jorgen Jensen died intestate in 1906. He left a small estate in Baldwin county, consisting of 50 acres of land which was never administered, $279.04, money in bank, and a few items of personalty of little value. He owed one small account and accrued taxes aggregating less than $20. Letters of administration were granted to appellant in 1906. The settlement now under review was in 1922. On this settlement a balance of $33.79 was, on accounting, ascertained to be the amount for distribution, and decreed to the several alleged distributees of decedents. Both sides appeal.

A brief review of proceedings during the 16 years the administration was pending is deemed proper to illustrate the principles which we adopt in disposing of the questions raised on direct and cross appeal.

In January, 1910, a settlement was made in the probate court. This settlement was instituted, advertised, and decreed to be an accounting on final settlement. The administrator was charged with personal assets, aggregating $321.24, and allowed credits of $191.90, with commissions and court costs, leaving a balance for distribution of $98.30. After passing the accounts the decree of the court proceeded:

"And it appearing to the court from the statement of the administrator, and from the testimony adduced in open court, that the administrator has been unable to ascertain any lawful heirs or distributees or persons capable of taking said estate: It is therefore ordered by the court that said administrator retain in his hands the sum of $98.30, pending proof of heirship to said estate, and further orders from this court."

On this settlement an attorney appeared and represented certain residents of Denmark, claiming to be distributees of the estate. An appeal was taken by these heirs to the circuit court. The appeal failed for want of a bill of exceptions. A bill in chancery

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was then filed by them to remove the administration, review the settlement, and enjoin escheat proceedings begun by the administrator under sections 3918 et seq., of the Code of 1907. This bill was finally dismissed for failure to amend after demurrer sustained, as we are advised by the record, upon the ground that the settlement made in the probate court was a final settlement.

In November, 1912, a petition was filed in the probate court setting forth the names of the alleged heirs, that they were all residents of Copenhagen, Denmark, offering to make proof of heirship, and praying that the escheat proceedings be dismissed and that the administrator be instructed to turn over to them "the balance of the personal property to which they may be entitled by the decree of this court heretofore rendered."

No hearing was had until August, 1914, when the administrator filed a motion to discontinue the petition. A hearing was then had on the petition for distribution by the heirs, the motion to discontinue the same, and a motion of the administrator to sell the lands as an escheat under section 3922 of the Code of 1907. A deposition to prove heirship was offered, and numerous objections were made thereto. The decree set out these objections seriatim and overruled them severally, overruled the motion for discontinuance, overruled the motion to sell the lands as an escheat, granted a motion to dismiss the escheat proceedings, and finally decreed:

"That the administrator of said estate pay over to the legal heirs of said estate or to their legal representatives the balance of the personal property to which they may be entitled by the decree of this court heretofore rendered, after the payment to the judge of this court of all costs attending this proceeding and the administration of said estate, whenever sufficient proof of their identity shall have been made to the satisfaction of the court."

The administrator prosecuted an appeal from this decree to the circuit court. There the appeal was dismissed. From this judgment an appeal was taken to this court, and reversed for error in holding:

"That the judgment of the probate court decreeing that the estate descended, rather than escheated to the state, cannot be reviewed on appeal by the administrator, or rather that the judgment or order will not support an appeal by the personal representative." McKenzie v. Jensen, 195 Ala. 36, 39, 70 So. 678, 679.

The circuit court, after the cause was remanded, rendered a judgment adverse to the administrator, from which he again appealed. The appeal was here dismissed because taken too late. McKenzie v. Jensen, 200 Ala. 191, 75 So. 939. This decision was rendered in May, 1917. No further proceedings appear until May, 1922, when the heirs caused citation to issue to the administrator to make final settlement.

On August 3, 1922, the administrator filed a new petition to sell the lands of the estate by escheat proceedings. On August 12, 1922, he filed his accounts and vouchers for a settlement, charging himself with $98.30, the "amount ascertained by decree of the court to be in the hands of the administrator on final settlement of his account in this court had January 12, 1910"; and asking credit for disbursements after that date aggregating $146, amended later to aggregate $246.

The heirs filed written objections seeking to reopen and surcharge items in the settlement of 1910, objecting to disbursements thereafter, seeking to charge up items of personalty lost by the administrator, and interest on the funds in his hands.

The same issue was made on the proof of heirship; the same deposition and objections presented as in 1914.

The court overruled the objections, held the proof sufficient to establish the claims of the distributees, refused to surcharge items in settlement of 1910, charged the administrator with no interest on funds, nor for items of personalty never sold, but lost; disallowed all disbursements since 1910 except premium on bond of 1914, allowed credit for court costs, leaving balance for distribution $33.79. On all this, our conclusions are:

[1] 1. The settlement of 1910, having all the elements of a final settlement except orders of distribution, the fund being retained to find the distributees or conduct escheat proceedings, and followed by the decree in chancery, and again by the election shown in the heirs' petition of 1912, is properly treated now as a final accounting, and the present settlement limited to the doings of the parties since that date. Ligon v. Ligon, 84 Ala. 555, 4 So. 405; Watts' Adm'r v. Watts' Distributees, 37 Ala. 543; Medley v. Shipes, 177 Ala. 94, 58 So. 304.

[2] 2. The decree of August, 1914, was a final adjudication that the property of decedent ascended to his heirs and did not escheat to the state. This is made clear by the decision of this court in January, 1915, where it is said:

"It conclusively appears that the only dispute or difference between the litigants is whether or not appellee is an heir or distributee of appellant's intestate, or, in other words, whether the estate descended or escheated."

It was held a final decree supporting an appeal. McKenzie v. Jensen, 195 Ala. 36, 70 So. 678.

That decree, after appeal to the circuit court, and two appeals to this court, stands unreversed. All subsequent proceedings to escheat the estate, instead of ascertaining the identity of the heirs and paying the fund over to them, less proper deductions, were unwarranted.

[3-5] 3. An administrator holds an estate in trust for those entitled thereto. A part of his duty is to ascertain who is the rightful beneficiary of the estate in his hands, and to see that it goes to such beneficiary without needless delay nor diminution. There is a presumption that a decedent has next of kin living. It becomes a first duty to proceed on that presumption and make all reasonable effort in good faith to locate them. When he is "unable to ascertain any lawful heirs or distributees," within the statutory period, his duty arises to proceed under the statute of escheats. Code 1907, § 3919.

One aim of these proceedings is to discover the lawful heirs by a statutory notice. Section 3920.

If no heir "appears or is ascertained" within the time named by statute, it is the duty of the administrator to pay over the fund to the probate court. Section 3921.

His duty to faithfully administer the estate continues under direction of the court so long as the estate is in his hands.

Without going behind the settlement and report made as to want of heirs in 1910. it is admitted of record that these appellees, or some of them, claimed to be heirs of the decedent and were then represented by local counsel. In 1912 their full names, relationship, and the city of their alleged residence was disclosed. It appears the vice consul of Denmark in Mobile stood ready to assist in conserving the estate of decedent. No effort is shown to have been made through him or the United States consular service at Copenhagen to verify their alleged claims. The administrator seems to have considered his chief duty was performed in representing a supposed interest of the state in having the property escheat, and to that end assumed an adversary position to any claim of heirship. We cannot otherwise interpret his proceedings continued long after the courts had settled that issue. It appears that after 16 years of possession of the real estate on behalf of these heirs, no other has appeared to claim the inheritance as against them.

[6] We conclude the court below was well justified in holding appellees to be the lawful heirs entitled to the estate, without regard to his rulings on specific questions and answers against which objections are urged, and his findings in that regard will not be disturbed.

The credits claimed and disallowed by the trial court are of two classes:

First. Attorneys' fees and other expenses incurred by the administrator in litigation instituted by him since the settlement of 1910. In all this, he was finally unsuccessful. The amount of the attorneys' fees for services rendered is not in dispute.

[7] Litigation conducted in good faith, with due diligence and on legal advice for the protection of the estate or the right of those believed to be entitled thereto, is not to be cut off by placing all the hazard upon the administrator. Legitimate fees and expenses so incurred in the bona fide effort to perform his trust should be allowed, although the litigation may prove unsuccessful.

[8] On the other hand, the court has a solemn duty, in the nature of a trust, to see that an estate is not consumed by ill-advised and unnecessary litigation. The test is due diligence to know the facts and to proceed with that high regard of the duties of a trustee which the position implies. The court may look to the whole course of administration and its final results to those for whose sake the trust has existed. In passing upon expenses and allowances, he must have something of a judicial discretion, subject to revision on appeal. We cannot say the court was in error in declining to allow the little residue of the estate consumed in litigation, all of which may have been avoided by a disinterested and vigilant effort to ascertain the heirs and pay them over the funds as per account stated twelve years before these proceedings ended.

[9] Second. The other class of expenses disallowed consisted of attorneys' fees incurred in defending the appeal taken by the heirs and the chancery suit begun by them. The heirs failed in these proceedings. The administrator was fully warranted in defending himself at the expense of the trust against litigation not sustained by the courts.

[10] If the matter had ended with this litigation, we would not hesitate to declare that the administrator should have credit for the $75 fees incurred in these suits by the heirs. But against this the court did not hold the administrator to account for $15, the value given by him on items held until 1910 and then lost to the estate; did not charge him any interest on the funds for the 12 years the final distribution was delayed, and allowed courts costs, much of which accrued in proceedings not properly before the court.

It may be more exact justice would have been done by allowing the items properly claimed, and charging up proper items on the other side. We have not before us the data from which to make corrections here. For example, we have no evidence of the date the $75 fees were paid for use in figuring the interest account, nor the amount of costs accruing from the different proceedings. To remand the cause would mean to consume the paltry balance with another settlement. Mindful of the duty to render such judgment on the whole record as seems just, the cause will be affirmed on both direct and cross appeals.

Affirmed on both appeals.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.