BRADLEY, Judge.
This case concerns the revocation of the license of a certified public accountant (CPA).
The Alabama State Board of Public Accountancy (Board) received a written complaint from Herbert Raburn, CPA, in March 1981, alleging unprofessional conduct on the part of William G. Waldrop, CPA. The Board notified Waldrop that it would conduct a hearing on the charges against him listed in the complaint. The hearing before the Board was held October 11 and 12, 1983, pursuant to the provisions of section 34-1-14, Code 1975. After hearing the testimony and reviewing the other evidence, the Board found that Waldrop had acted unprofessionally in the accounting field and revoked his certificate and permit to practice public accountancy.
Waldrop appealed the Board’s decision to the Montgomery Circuit Court on November 14, 1983, pursuant to section 34-1-14(j)(l), Code 1975. The Board subsequently filed findings of fact to support its order revoking Waldrop’s license. The circuit court affirmed the Board’s decision on July 9, 1984. Waldrop appeals to this court.
Section 34-l-14(j)(l), Code 1975, contains the applicable procedure for appealing a decision of the Board and is as follows:
“Anyone adversely affected by any order of the board may obtain a review thereof by filing a written petition for review with the circuit court of Montgomery county within 30 days after the entry of said order. The petition shall contain or have attached thereto a true copy of the order complained of and shall state the grounds upon which the review is asked and shall pray that the order of the board be modified or set aside in whole or in part. A copy of such petition shall be forthwith served upon any member of the board, and thereupon the board shall certify and file in the court a copy of its order and a complete transcript of the record upon which the order complained of was entered. The case *1066 shall then be tried and heard on the record made before the board, without the introduction of new or additional evidence, but the parties shall be permitted to file briefs. The court may affirm, modify or set aside the board’s order in whole or in part, or may remand the case to the board for further evidence, and may, in its discretion, stay the effect of the board’s order pending its determination of the case.”
This court has not previously considered the standard of review applicable to the Public Accountancy Board’s decisions under this code section. Waldrop contends that this section requires that the circuit court conduct a de novo review of the record established by the Board. We disagree.
In a de novo proceeding, the reviewing court tries and determines the matter as if no other proceedings had ever taken place; it is a brand new trial. Hallman v. City of Northport, 333 So.2d 152 (Ala.Civ.App. 1976); Smith v. Civil Service Board, 52 Ala.App. 44, 289 So.2d 614 (1974). Additionally, the reviewing court may substitute its own findings and judgment for those of the lower tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961).
In the ease at bar the circuit court’s review of the Board’s decision pursuant to section 34 — 1—14(j)(l), Code 1975, is based on the record made before the Board. The circuit court’s authority does not extend to trying the case over with the possibility of receiving new evidence and rendering its own decision. Hence, the present proceeding before the circuit court cannot be de novo.
Waldrop insists, however, that other “similar” statutes — and he cites them to us — support his position that he was entitled to a de novo review in the circuit court. These statutes clearly contain language implying that a de novo review is intended. No such language appears in section 34 — 1— 14Q)(1).
The general rule for review of administrative agency action is as follows:
“[I]n the absence of specific statutory provisions for a de novo hearing, or of a proceeding not in accordance with due process requirements, the court is limited in its review to the record made in the agency’s proceedings.”
Ex parte Smith, 435 So.2d 108 (Ala.Civ. App.1983). In the absence of statutory language in section 34-1-14 either specifically providing for or fairly implying that a de novo review by the circuit court is contemplated, Waldrop was not entitled to a de novo hearing.
The standard of review that we consider applicable to this case is whether the Board’s decision is supported by substantial evidence and whether the Board’s decision is reasonable and not arbitrary. Alabama Board of Nursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App.1984).
Although the circuit court did not state the standard of review that it applied in affirming the Board’s order, we assume that the circuit court applied the correct standard of review, absent any indication to the contrary. The transcript of the Board’s hearing was sent to the circuit court six months prior to the time that the court rendered its decision. Thus, the court had ample time to review the entire record before making its decision pursuant to section 34-1-14, Code 1975, and there is nothing in the record to indicate that the court failed to examine the record.
On appeal from the circuit court’s order, Waldrop asks that we review the record de novo. The cases cited by Wal-drop as supportive of his request hold that where testimony is not taken orally before the trial court the appellate court reviews the findings of the trial court without any presumption of correctness. See, e.g., Maryland Casualty Co. v. Allstate Insurance Co., 281 Ala. 671, 207 So.2d 657 (1968). The cases cited by Waldrop are not applicable to the case sub judice since the Montgomery Circuit Court acts as an appellate court and not as the trier of fact under section 34 — 1—14(j)(1), Code 1975. Instead, the Board is the trier of fact in these proceedings. City of Mobile v. Personnel *1067 Board, 57 Ala.App. 516, 329 So.2d 570 (1976). The circuit court is limited to a review of the record made before the Board. Our review is also based on a limited review of the record made before the Board, and “we look only to see if its findings are supported by substantial evidence.” Guthrie v. Civil Service Board, 342 So.2d 372 (Ala. Civ.App.1977). We now turn to the record developed before the Board to so determine.
The record is voluminous and complex; thus, we will not attempt to set out in detail the evidence presented before the Board and its findings based on the evidence.
Waldrop was hired by Albert Bowen to prepare monthly financial statements and tax returns for Nickle Plate Mining Company (Nickle Plate) and NP Mining Company (NP). NP had been formed to purchase some of Nickle Plate’s remaining outstanding shares. A stock purchase agreement was entered into whereby NP agreed to purchase one hundred and fifteen shares of Nickle Plate stock and Nickle Plate was to redeem some of its own stock. NP did not acquire any physical assets in this transaction. Despite this fact, Waldrop depreciated property on NP’s tax returns for fiscal years 1977-80. He admitted that he erred in doing so, but stated that he had relied on Nickle Plate and NP employees’ statements which had led him to believe that NP had some mining equipment. He also stated that he had no knowledge of the above stock purchase agreement between the two companies. The Board pointed out, however, that Wal-drop had access to all company documents, including the above agreement. Also, had Waldrop chosen to review previous accountants’ work, he might have avoided this error. The Board found that Waldrop improperly expensed a dragline in the amount of $400,000, and improperly took an investment tax credit and depreciation deduction on another dragline worth $785,-000. Apparently Waldrop never sought to secure invoices for these draglines in order to determine whether they could properly be deducted. Waldrop admitted that he took an investment credit on used equipment owned by Nickle Plate in excess of the statutory limitation allowed by the Internal Revenue Code. He also admitted that he erred in deducting depletion in excess of fifty percent of income from mineral property in Nickle Plate’s income tax return. Waldrop stated that he neglected to compute the minimum tax due by Nickle Plate as required by the Internal Revenue Code. He further admitted that $100,000 was reflected twice on Nickle Plate’s balance sheet, once as prepaid expenses and once as a refund of taxes paid. He also incorrectly treated prepaid interest on notes payable, failing to characterize this as a reduction in notes payable. Other errors committed by Waldrop were pointed out to the Board by two experienced CPA’s, which errors are too numerous to mention. Suffice it to say that upon examining the evidence and hearing all the testimony (six hundred pages) the Board concluded that Waldrop’s acts constituted dishonesty, fraud, and/or gross negligence in the practice of public accounting. See § 34-1-12(2), Code 1975. The Board also found that Waldrop violated several rules of professional conduct promulgated by the Board, § 34-1-12(4), including failure to exercise professional care in preparing audit reports and tax returns, failure to follow generally accepted auditing standards and accounting principles, and failure to obtain sufficient relevant data to support his conclusions. Thus, the Board, pursuant to section 34-1-12, Code 1975, revoked Waldrop’s license. After a careful review of the record, we find the Board’s order is supported by substantial evidence and is not unreasonable or arbitrary.
Finally, Waldrop argues that the Board denied him due process of law. Wal-drop contends that the Board had no procedural rules or evidentiary standards governing the conduct of the hearing. He also says that the Board was inherently biased, adopted wholesale all of Raburn’s charges against him, and permitted Raburn to act. as chief witness and prosecutor. After re *1068 viewing the record we find that Waldrop failed to raise any of these issues in any proceeding below. This court will not consider constitutional issues raised for the first time in brief before this court, particularly where, as here, an appeal was made to the circuit court and no such issues were raised there. See McKenzie v. Jensen, 70 So. 678, 195 Ala. 36 (1915); Thorne v. Birmingham Community Development, 409 So.2d 862 (Ala.Civ.App.1982).
We affirm the order of the circuit court upholding the Board’s order revoking Wal-drop’s license to practice public accountancy.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.