Rel: June 27, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2025-0297

_____

## Timothy Brian Johnson and Phillip Barnes

## v.

## Judith Mayers

## Appeal from Lamar Circuit Court
## (CV-24-8)

SELLERS, Justice.

Timothy Brian Johnson and Phillip Barnes, who are the nephews of Samuel D. Johnson, deceased, appeal from a judgment of the Lamar Circuit Court ("the circuit court") declaring that § 43-8-224, Ala. Code 1975, Alabama's antilapse statute, does not apply to Johnson's will and that, therefore, Judith Mayers is the sole beneficiary under the will. We affirm.

## I. Facts

Johnson ("the testator") executed a will in October 1990. Article II of the will provides:

> "I give, devise and bequeath, absolutely and forever, all of the property owned by me at the time of my death, real and personal, of whatever kind and character, and wherever situated, to [my father] Coy D. Johnson. In the event that such person does not survive me, then I give, devise and bequeath absolutely and forever my said residual estate <u>equally</u> to [my siblings] Roger D. Johnson, Denny R. Johnson, Judith A. Mayers, and Janice M. Barnes. <u>If none of such persons shall survive me, then the same shall pass to my nearest living heirs</u>. Reference to 'heirs' means those persons other than creditors who would take my property under the laws of the State of Alabama in force at the time of my death if I had died intestate, unmarried and domiciled in such state."

(Emphasis added.)

2

The testator died in July 2022; Mayers was the only named beneficiary in the will who survived him. In December 2022, the Lamar Probate Court ("the probate court") entered an order admitting the will to probate and issuing letters of administration cum testamento annexo to Mayers.[1] At Mayers's request, the circuit court removed the administration of the testator's estate from the probate court to the circuit court pursuant to § 12-11-41, Ala. Code 1975.[2] While the administration of the estate was pending in the circuit court, Mayers, in her capacity as the administratrix cum testamento annexo of the estate and individually as a named beneficiary under the will, petitioned the circuit court for an order construing the will. Mayers specifically sought

---

[1]The will named Roger Johnson or, alternatively, Denny Johnson as the executor of the will; both predeceased the testator. See § 43-2-27, Ala. Code 1975 ("If no person is named in the will as executor, or if named executors, one or more, all renounce or fail to apply within 30 days after probate or are unfit persons to serve, the residuary legatee, or if he fails to apply within such time, refuses to accept or is unfit to serve, then the principal legatee, is entitled to letters of administration, with the will annexed ….").

[2]Section 12-11-41, Ala. Code 1975 provides, in relevant part, that "[t]he administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof …."

3

a judgment declaring that the antilapse statute did not apply to the testator's will and that, therefore, she was the sole beneficiary under the terms of the will. The circuit court entered a judgment finding that the will was unambiguous, that the antilapse statute did not apply to the will, and that Mayers was the sole beneficiary under the terms of the will. This appeal followed.

## II. Standard of Review

We review a trial court's construction of a will under a de novo standard of review. Harrison v. Morrow, 977 So. 2d 457, 459 (Ala. 2007).

## III. Jurisdiction

Initially, we address Mayers's contention that the judgment of the circuit court construing the will is not a final judgment capable of supporting an appeal because, she says, there has been no final settlement of the estate administration and the circuit court did not certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Section 12-22-20, Ala. Code 1975, provides, in relevant part, that "[a]n appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the

4

probate judge." Here, Mayers petitioned the circuit court for construction of the will pursuant to § 6-6-225(3), Ala. Code 1975, which authorizes an administrator to seek a declaration of rights "[t]o determine any question arising in the administration of the estate ..., including questions of construction of wills and other writings." Section 6-6-222, Ala. Code 1975, provides, in relevant part, that "[c]ourts of record ... shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" and that "[t]he declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment." See also § 6-6-221, Ala. Code 1975 (providing that the purpose of the Declaratory Judgment Act, § 6-6-220 et seq., Ala. Code 1975, "is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations and is to be liberally construed and administered"), and Palughi v. Dow, 659 So. 2d 112, 113 (Ala. 1995) ("An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties."). Here, the circuit-court judgment

5

completely disposed of every issue raised by Mayers in her petition; it declared that the antilapse statute did not apply to the testator's will and that Mayers was the sole beneficiary under the terms of the will. Unlike in general civil cases, an order entered in a probate proceeding may be considered final although it does not dispose of the entire probate proceeding. See Logan v. McDaniel, 21 S.W.3d 683, 688 (Tex. App. 2000) ("A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify modifying the [final-judgment] rule."). In this case, a final settlement of the estate administration is dependent on the proper identification of the heirs of the estate. See McKenzie v. Jenson, 212 Ala. 92, 95, 101 So. 755, 757 (1924) ("An administrator holds an estate in trust for those entitled thereto. A part of his duty is to ascertain who is the rightful beneficiary of the estate in his hands, and to see that it goes to such beneficiary without needless delay nor diminution."). Thus, a declaratory judgment

6

entered during the administration of an estate that conclusively determines the issues before a probate or circuit court is a final, appealable judgment under § 12-22-20, and a Rule 54(b) certification is unnecessary. See, e.g., Kirksey v. Johnson, 166 So. 3d 633, 653 (Ala. 2014) (Moore, C.J., concurring in the result in case no. 1130385 and dissenting in case no. 1130403) (stating his belief that the appellants had "invoked this Court's jurisdiction to hear their appeals as of right pursuant to § 12-22-20, Ala. Code 1975," and that § 12-22-20 "is an independent source of appellate jurisdiction that does not depend upon a trial court's certifying the challenged order as final under Rule 54(b)[, Ala. R. Civ. P.]).'' Notably, this Court has exercised jurisdiction over appeals from probate-court orders involving declaratory judgments concerning the antilapse statute and who was entitled to take under a decedent's will, although our decisions in those cases did not discuss jurisdiction and the orders appealed from were not certified as final pursuant to Rule 54(b). See Norwood v. Barclay, 298 So. 3d 1051 (Ala. 2019) (reversing order of probate court, entered during the administration of an estate, declaring that the antilapse statute did not

7

apply to the decedent's will and that decedent's nieces were therefore not entitled to any part of the estate), and <u>Shirley v. Dawkins</u>, 369 So. 3d 127 (Ala. 2022) (reversing order of probate court, entered during the administration of an estate, declaring that antilapse statute did not apply and that the testator's grandson was therefore not entitled to inherit under the decedent's will). Finally, although § 12-22-20 references final orders of the probate court and does not specifically provide a right to appeal from similar orders of the <u>circuit</u> court, this Court has "'traditionally treated such orders of the circuit court as though they were orders of the probate court.'" <u>Player v. J.C.</u>, 299 So. 3d 945, 949 (Ala. 2020) (quoting <u>Tate v. Kennedy</u>, 578 So. 2d 1079, 1080 n. 2 (Ala. 1991)). We conclude that we have appellate jurisdiction over the circuit-court judgment entered in this case because the judgment resolves all the claims raised by Mayers in her petition, making the judgment final and appealable. <u>Dow</u>, 659 So. 2d at 113.

## IV. Discussion

The dispositive issue on appeal is whether the circuit court erred in concluding that the antilapse statute does not apply in this case and that,

therefore, Mayers is the sole beneficiary under the terms of the testator's will. Section 43-8-222, Ala. Code 1975, provides that "[t]he intention of a testator as expressed in his will controls the legal effect of his dispositions. The rules of construction expressed in the succeeding sections of this article [i.e., Title 43, Chapter 8, Article 8, which includes § 43-8-224, the antilapse statute,] apply unless a contrary intention is indicated by the will." The antilapse statute, § 43-8-224, provides:

> "If a devisee who is a grandparent or a lineal descendant of a grandparent of the testator is dead at the time of execution of the will, fails to survive the testator, or is treated as if he predeceased the testator, the issue of the deceased devisee who survive the testator by five days take in place of the deceased devisee and if they are all of the same degree of kinship to the devisee they take equally, but if of unequal degree then those of more remote degree take by representation. One who would have been a devisee under a class gift if he had survived the testator is treated as a devisee for purposes of this section whether his death occurred before or after the execution of the will."

The antilapse statute is a default provision that can be overridden by a testator's will. It operates as a rule of construction, designed to carry out the presumed intent of a testator in the event a beneficiary predeceases the testator. Wills stand against any notion of immortality

9

and devises in a will to individuals should anticipate the possibility that a named beneficiary may not survive the testator. In this case, the operative will was executed 32 years before the testator's death, and, at the time of his death, several named beneficiaries were not alive. So, if a will fails to require survivorship and to provide for a contingency should a beneficiary predecease the testator, the antilapse statute preserves a devise to benefit family members and to prevent a devise from passing pursuant to the laws of descent and distribution, which may result in property not passing to the natural objects of a testator's bounty. Thus, when the above statutes are read together, it is apparent that the antilapse statute would apply only if a testator fails to require survivorship and to name contingent beneficiaries to receive a devise. Here, pursuant to Article II of the will, the testator left his entire estate to his father, Coy Johnson. In the event that Coy predeceased him (which did in fact occur), the will provided that the residue of the estate would be divided "equally" among his siblings, Roger Johnson, Denny Johnson, Mayers, and Janice Barnes. Finally, the will provided that, if "none of such persons shall survive me, then the same shall pass to my nearest

10

living heirs." Mayers is the only named beneficiary under the will who survived the testator. The nephews, who are issue of the testator's deceased siblings, contend that the use of the term "equally" evinces an intent that each of the beneficiaries would inherit a one-fourth share of the residuary estate and that, pursuant to the antilapse statute, they are entitled to inherit under the will through representation. However, that is not the case in situations where, as here, the will includes language of survivorship[3] reflecting the testator's intent to limit any testamentary gift to only those named beneficiaries who survive the testator, therefore defeating application of the antilapse statute.[4] The

---

[3]See Belardo v. Belardo, 187 Ohio App. 3d 9, 15, 930 N.E.2d 862, 866 (2010) (noting that there are "no certain or exact words of survivorship to indicate intent to avoid the [antilapse] statute").

[4]Although it does not appear that this Court has directly addressed the issue whether the use of survivorship language in a will defeats application of the antilapse statute, the majority of courts in other jurisdictions that have addressed the issue have reached the same result. See, e.g., Polen v. Baker, 92 Ohio St. 3d 563, 567 n. 2, 752 N.E.2d 258, 261 n. 2 (2001) (citing cases from various jurisdictions holding that survivorship language in a will defeats application of the antilapse statute). In Polen, the Supreme Court of Ohio specifically concluded that, through the use of "words of survivorship," the testator had evidenced an

11

will also includes an alternative-devise provision in the event that all the named beneficiaries failed to survive the testator, thus further evincing an intent that the antilapse statute not apply in this case. See, e.g., Ruotolo v. Tietjen, 93 Conn. App. 432, 446, 890 A.2d 166, 175 (2006) (noting that the use of an alternative devise in a will indicates an intent on the part of the testator to avoid application of the antilapse statute, thus overriding the antilapse statute). Specifically, the will provides that the testator's residuary estate will be divided equally between four named beneficiaries, specifically indicating that, if "none of such persons shall survive me, then the same shall pass to my nearest living heirs." The clear meaning here is that only if all four of the named beneficiaries predeceased the testator could the residuary estate devolve to the "nearest leaving heirs." So long as one of the named beneficiaries survived the testator, the residuary estate would be equally distributed

---

intent to avoid application of the antilapse statute and to provide for a per capita distribution to the surviving named beneficiaries, with each surviving beneficiary to take "an absolute, or unencumbered, respective share." 92 Ohio St. 3d at 568, 752 N.E.2d at 262.

to those persons specifically named who were alive at the testator's death. Because Mayers was the only named survivor, she is entitled to inherit the entire residuary estate.[5]

---

[5]The nephews rely heavily on <u>Norwood v. Barclay</u>, 298 So. 3d 1051 (Ala. 2019), and <u>Shirley v. Dawkins</u>, 369 So. 3d 127 (Ala. 2022), in support of their contention that the antilapse statute applies in this case. Those cases are distinguishable, however, because the wills at issue therein did not include "survivorship" language, nor did they provide for an alternative disposition of property in the event that the testator failed to anticipate the early death of either the sole beneficiary of an estate or a beneficiary designated to share property equally with another beneficiary. In <u>Norwood</u>, this Court explained that the testator had executed a will that left her entire estate to her sister, that the sister had predeceased the testator, that the testator had made no provision for that contingency, and that the testator's nieces were therefore entitled to take the sister's share of the estate under the antilapse statute. In <u>Shirley</u>, the testator had executed a will that left his entire estate to his wife and, if she predeceased him (which did in fact occur), to his two children, Donald and Deborah in equal shares, to share and share alike. We explained that Donald had predeceased the testator; that the testator's will had failed to provide for an alternate distribution in the event of the early death of Donald; that the testator's will gave no indication that the antilapse statute should not apply; and that Donald's issue were therefore entitled to take under the will pursuant to the antilapse statute. Here, the will at issue not only contains survivorship language reflecting an intent that only the named beneficiaries who survive the testator will take under the will, but it also includes an alternative devise in the event that none of those beneficiaries survive the testator.

Based on the foregoing, we find that the testator's intent regarding who was entitled to inherit his residuary estate can be ascertained from the clear and unambiguous language of the will. He designated his beneficiaries by name and included words of survivorship relating to them. He further provided an alternative devise in the event that none of the named beneficiaries survived him. Thus, the language used manifests an intent on the part of the testator to defeat the application of the antilapse statute. To find otherwise would undermine the intention of the testator as expressed in the will.

## V. Conclusion

The judgment of the circuit court, finding that the antilapse statute does not apply in this case and that Mayers, therefore, is the sole beneficiary under the terms of the testator's will, is affirmed.

AFFIRMED.

Stewart, C.J., and Wise, Bryan, Mendheim, Cook, McCool, and Lewis, JJ., concur.

Shaw, J., concurs in the result.